**EXHIBIT 5**

1   HOLLAND & KNIGHT LLP
       JACK S. SHOLKOFF (SBN: 145097)
2      ROGER B. COVEN (SBN: 134389)
       BETH A. GUNN (SBN: 218889)
3   633 West Fifth Street, 21st Floor
    Los Angeles, California 90071-2040
4   Telephone (213) 896-2400
    Facsimile (213) 896-2450
5
    Attorneys for Defendants PLS Check Cashers
6   of California, Inc. (previously known as Azteca
    of California, Inc.) and PLS Financial Services, Inc.
7

AUG 2 5 2006

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **FOR THE COUNTY OF LOS ANGELES**

10

11   SOFIA SALVADOR and JEANETTE       )   Case No. BC 355555
     URDIANO,                          )
12                                      )   Assigned to Hon. Aurelio Munoz
                    Plaintiffs,         )
13                                      )   **NOTICE OF MOTION AND MOTION
              vs.                       )   OF DEFENDANTS PLS CHECK
14                                      )   CASHERS OF CALIFORNIA, INC.
     PLS CHECK CASHERS OF              )   AND PLS FINANCIAL SERVICES,
15   CALIFORNIA, INC., PLS             )   INC. TO STRIKE PORTIONS OF
     FINANCIAL SERVICES, INC.,         )   COMPLAINT; MEMORANDUM OF
16   AZTECA OF CALIFORNIA, and         )   POINTS AND AUTHORITIES IN
     DOES 1 through 100, inclusive,    )   SUPPORT THEREOF**
17                                      )
                    Defendants.         )   DATE:    September 26, 2006
18                                      )   TIME:    8:30 a.m.
                                        )   DEPT:    47
19                                      )
                                        )   Trial Date: None set
20                                      )
                                        )   [Filed concurrently with Demurrer and
21                                      )   Request For Judicial Notice]

22

23       PLEASE TAKE NOTICE that on September 26, 2006, at 8:30 a.m., or as soon

24   thereafter as the matter may be heard, in Department 47 of the above-entitled court

25   located at 111 N. Hill Street, Los Angeles, California, 90012, Defendants PLS CHECK

26   CASHERS OF CALIFORNIA, INC. (formerly known as Azteca of California, Inc. and

27   erroneously sued as two entities) and PLS FINANCIAL SERVICES, INC. (hereinafter

28   collectively referred to as "Defendants") will and hereby do move to strike potions of the

                                        1

                                                            5F 8|25|06

1  Complaint filed herein on July 17, 2006, by Plaintiffs Sofia Salvador and Jeanette

2  Urdiano (hereinafter collectively referred to as "Plaintiffs").

3       Specifically, Defendants move to strike the following portions of the Complaint:

4          1.    All references to punitive damages in the Complaint, including:

5               (a)    Paragraph 34 of the Complaint at page 6, lines 12-14;

6               (b)    Paragraph 39 of the Complaint at page 7, lines 6-8;

7               (c)    Paragraph 44 of the Complaint at page 7, lines 26-28;

8               (d)    Paragraph 52 of the Complaint at page 9, lines 1-3;

9               (e)    Paragraph 59 of the Complaint at page 9, line 27 through

10                      page 10, line 1; and

11              (f)    Prayer No. 9 of the Complaint at page 11, lines 14-16.

12         2.    Prayer No. 2 of the Complaint at page 11, lines 1-2.

13         3.    Prayer No. 3 of the Complaint at page 11, line 3.

14      Defendants bring this motion pursuant to Code of Civil Procedure Sections 435 on

15 the grounds that the referenced portions of the Complaint are not drawn or filed in

16 conformity with the laws of the State of California.

17      Said motion will be based upon this Notice, the attached Memorandum of Points

18 and Authorities, the Complaint on file herein, the matters of which the Court is requested

19 to take judicial notice, and such oral and documentary evidence as may be presented at

20 the hearing.

21

22 Date: August 25, 2006          HOLLAND & KNIGHT LLP

23

24                  By:

25                           Roger B. Coven

26                  Attorneys for Defendants PLS CHECK
                         CASHERS OF CALIFORNIA, INC.

27                  (previously known as Azteca of California, Inc.)
                         and PLS FINANCIAL SERVICES, INC.

28

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendants PLS CHECK CASHERS OF CALIFORNIA, INC. (formerly known as Azteca of California, Inc. and erroneously sued as two entities) and PLS FINANCIAL SERVICES, INC. (hereinafter collectively referred to as "Defendants") hereby submit this motion to strike certain portions of the Plaintiffs' Complaint. In particular, for the reason discussed below, Defendants seek to have all references to punitive damages stricken from the Complaint. In addition, Defendants seek to have stricken from Plaintiffs' prayer requests for relief under section 226 and 226.7 of the Labor Code to the extent that the demurrers filed concurrently herewith to the Second and Third Causes of Action are sustained.

### II.   ARGUMENT

#### A.   Plaintiffs' Allegations Regarding Punitive Damages Should Be Stricken From The First Cause of Action.

In their First Cause of Action, Plaintiffs seek to recover overtime compensation to which they claim to be entitled under their alleged employment relationship with Defendants. Complaint, at 5-6. The relationship of employment that Plaintiffs allege to have existed with Defendants is contractual in nature. As one court noted, "the word 'employ' implies the making of a contract." *Holtzendorff v. Housing Authority*, 250 Cal.App.2d 596, 605, 58 Cal.Rptr. 886 (1967). Accordingly, the compensation that Plaintiffs seek to recover are payments to which they claim entitlement by the contract of employment that they allege. Essentially, Plaintiffs allege that Defendants breached their contracts of employment by not paying overtime compensation, and Plaintiffs seek the recovery of those contract damages in this case.

Because Plaintiffs' First Cause of Action sounds in contract rather than tort, it cannot support an award of punitive damages. "An award of punitive damages is not

1

1 supported by a verdict based on breach of contract, even where the defendant's conduct in

2 breaching the contract was wilful, fraudulent, or malicious." *Myers Building Industries,*

3 *Ltd. v. Interface Technology, Inc.*, 13 Cal.App.4th 949, 960, 17 Cal.Rptr.2d 242 (1993).

4 Accordingly, the allegations concerning punitive damages in paragraph 34 should be

5 stricken from the Complaint.

6 **B.**   **Plaintiffs' Allegations Regarding Punitive Damages Should Be Stricken**

7      **From The Second Cause of Action.**

8      By their Second Cause of Action, Plaintiffs allege that they were denied meal and

9 rest periods and seek to recover "their rightfully earned compensation for meal and rest

10 periods" pursuant to Labor Code Section 226.7(b).  Complaint, at 6-7.[1]  As in the First

11 Cause of Action, therefore, Plaintiffs seek to recover compensation to which they claim

12 entitlement under their contracts of employment with Defendants.  Accordingly, their

13 Second Cause of Action sounds in contract and will not support an award of punitive

14 damages. *Myers Building Industries, Ltd. v. Interface Technology, Inc.*, 13 Cal.App.4th

15 949, 960, 17 Cal.Rptr.2d 242 (1993).  The allegations concerning punitive damages in

16 paragraph 39 should be stricken from the Complaint.[2]

17 **C.**   **Plaintiffs' Allegations Regarding Punitive Damages Should Be Stricken**

18      **From The Third Cause of Action.**

19      In their Third Cause of Action, Plaintiffs allege that Defendants failed to provide

20 wage and hour statements and that Defendants "are liable for damages and statutory

21 penalties pursuant to Labor Code section 226."  Complaint, at 7.  Plaintiffs do not allege,

22 however, that they suffered any actual damages as a result of the alleged failure.  In fact,

23 in their prayer for relief, Plaintiffs seek only statutory penalties, and no damages,

---

24  [1]  Plaintiffs cite to Labor Code section 272.7(b), but clearly this is a typographical error
25      intended to reference section 226.7(b).

26  [2]  Alternatively, if the amounts provided by Labor Code § 226.7 were deemed to be penalties
      rather than compensation, such penalties would constitute Plaintiffs' sole remedy and
      punitive damages would not be allowed. *De Anza Santa Cruz Mobile Estates Homeowners*
27      *Ass'n v. De Anza Santa Cruz Mobile Estates*, 94 Cal.App.4th 890, 912-913, 114 Cal.Rptr.2d
      708 (2001).

28

1  pursuant to section 226.  Complaint, at 11.  Accordingly, the relief sought by Plaintiffs in

2  the Third Cause of Action is for "statutory penalties."  Plaintiffs cannot recover both

3  statutory penalties and punitive damages.

> Where a statute creates new rights and obligations not previously existing in the common law, the express statutory remedy is deemed to be the exclusive remedy available for statutory violations, unless it is inadequate. . . . [P]laintiff cannot recover both punitive damages and statutory penalties, as this would constitute a prohibited double penalty for the same act. . . .  A plaintiff who relies solely on a cause of action for a statutory violation may be deemed to have waived punitive damages.

9  *De Anza Santa Cruz Mobile Estates Homeowners Ass'n v. De Anza Santa Cruz Mobile*

10  *Estates*, 94 Cal.App.4th 890, 912-913, 114 Cal.Rptr.2d 708 (2001) (citations omitted).

11  Since Plaintiffs seek to recover statutory penalties by their Third Cause of Action,

12  they cannot recover punitive damages as well.  Accordingly, the allegations concerning

13  punitive damages in paragraph 44 should be stricken from the Complaint.

14  **D.    Plaintiffs' Allegations Regarding Punitive Damages Should Be Stricken**

15  **From The Fifth Cause of Action.**

16  In their Fifth Cause of Action, Plaintiffs claim that they were forced to repay a

17  portion of the wages they earned to Defendants, and seek to recover "their lawfully

18  earned wages."  As was the case in the First and Second Causes of Action, Plaintiffs seek

19  to recover wages to which they claim entitlement under their contracts of employment

20  with Defendants.  Accordingly, their Fifth Cause of Action sounds in contract rather then

21  tort and will not support an award of punitive damages.  *Myers Building Industries, Ltd.*

22  *v. Interface Technology, Inc.*, 13 Cal.App.4th 949, 960, 17 Cal.Rptr.2d 242 (1993).  The

23  allegations concerning punitive damages in paragraph 52 should be stricken from the

24  Complaint.

25

26

27

28

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

E.   **Plaintiffs' Prayers For The Relief Requested By Their Second, Third and Sixth Causes of Action Should Be Stricken If Demurrers To Those Claims Are Granted.**

By demurrer filed concurrently with this motion, Defendants seek the dismissal of Plaintiffs' Second Cause of Action For Failure To Provide Meal and Rest Periods, by which Plaintiffs seek relief under Section 226.7 of the Labor Code.  If the demurrer is sustained and this claim is dismissed from this action, therefore, Prayer No. 3 for "meal and rest period compensation" should be stricken from the Complaint.

By demurrer filed concurrently with this motion, Defendants also seek the dismissal of Plaintiffs' Third Cause of Action For Failure To Furnish Wage and Hour Statements, by which Plaintiffs seek relief under Section 226 of the Labor Code.  If the demurrer is sustained and this claim is dismissed from this action, therefore, Prayer No. 2 for "statutory penalties pursuant to California Labor Code Section 226" should be stricken from the Complaint.

Finally, by demurrer filed concurrently with this motion, Defendants seek the dismissal of Plaintiffs' Sixth Cause of Action For Conversion.  As discussed above, no other cause of action alleged in the Complaint could support a request for punitive damages.  Accordingly, if the Sixth Cause of Action for Conversion is dismissed, the court should also strike Plaintiffs' request for punitive damages in their Prayer No. 9.

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

III.   **CONCLUSION**

For all of the reasons discussed above, Defendants respectfully requests this honorable Court to grant their motion in its entirety and to strike portions of the Complaint as discussed above.

Date:  August 25, 2006                    HOLLAND & KNIGHT LLP

By: _____
                                                  Roger B. Coven

Attorneys for Defendants PLS CHECK
CASHERS OF CALIFORNIA, INC.
(previously known as Azteca of California, Inc.)
and PLS FINANCIAL SERVICES, INC.

# 3991846_v1

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**Sofia Salvador and Jeannette Ordiano vs. PLS Check Cashers of California, Inc., et al.**
LASC No. BC 355555

### PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )   ss.
COUNTY OF LOS ANGELES        )

       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 633 West Fifth Street, 21st Floor, Los Angeles, California 90071.

       On **August 25, 2006,** I served the document described as **NOTICE OF MOTION AND MOTION OF DEFENDANTS PLS CHECK CASHERS OF CALIFORNIA, INC. AND PLS FINANCIAL SERVICES, INC. TO STRIKE PORTIONS OF COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action, enclosed in a sealed envelope, addressed as follows:

                     Steven G. Pearl
                     The Pearl Law Firm
                     16133 Ventura Boulevard, Suite 625
                     Encino, CA  91436-2412
                     (818) 995-8300
                     (818) 995-8301

**X**     **VIA MAIL**

       Following ordinary business practices, I placed the document for  collection and mailing at the offices of Holland & Knight LLP, 633 West Fifth Street, 21st Floor, Los Angeles, California 90071, in a sealed envelope.  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service, and, in the ordinary course of business, such correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

**(STATE)**     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

       Executed on **August 25, 2006,** Los Angeles, California.

                                      _____
                                        Gloria Hoshiko

```
        L.A.S.C. - FILINGS #32
        111 N. HILL STREET
        LOS ANGELES CA 90012

DATE PAID:  08/25/06  02:13:06 PM
RECEIPT #:   CCH440887031


CIT/CASE: BC355555 LEA/DEF#:

PAYMENT:  $40.00              0310
RECEIVED:
        CHECK:      40.00
        CASH:
        CHANGE:
        CARD:
```

```
        L.A.S.C. - FILINGS #32
        111 N. HILL STREET
        LOS ANGELES CA 90012

DATE PAID:  08/25/06  02:12:13 PM
RECEIPT #:   CCH440887030


CIT/CASE: BC355555 LEA/DEF#:

PAYMENT:  $680.00            0310
RECEIVED:
        CHECK:      680.00
        CASH:
        CHANGE:
        CARD:
```

**EXHIBIT 6**

1   STEVEN G. PEARL (CA BAR NO. 163381)
    THE PEARL LAW FIRM, A PROFESSIONAL CORPORATION
2   16133 VENTURA BOULEVARD, SUITE 625
    ENCINO, CALIFORNIA 91436-2412
3   PHONE:      818/ 995-8300
    FAX:        818/ 995-8301
4
    ATTORNEYS FOR PLAINTIFFS
5   SOFIA SALVADOR AND JEANETTE URDIANO
    Individually and on Behalf of All Others Similarly Situated
6

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           COUNTY OF LOS ANGELES

10                             CENTRAL DISTRICT

11

12  SOFIA SALVADOR AND JEANETTE          )   No. BC 355555
    URDIANO, Individually and on Behalf of )
13  All Others Similarly Situated,        )   HON. AURELIO MUNOZ
                                          )   DEPT. 47
14          Plaintiffs,                   )
                                          )   FIRST AMENDED CLASS ACTION
15          v.                            )   COMPLAINT FOR:
                                          )
16  PLS CHECK CASHERS OF                  )   1. FAILURE TO PAY OVERTIME
    CALIFORNIA, INC., PLS FINANCIAL       )   COMPENSATION (CAL. LABOR CODE §
17  SERVICES, INC., AZTECA OF             )   510, 1194);
    CALIFORNIA, AND DOES 1 THROUGH        )
18  100, INCLUSIVE,                       )   2. FAILURE TO PROVIDE MEAL AND
                                          )   REST PERIODS (CAL. LABOR CODE §
19          Defendants.                   )   226.7, 512);
                                          )
20                                        )   3. FAILURE TO FURNISH WAGE AND
                                          )   HOUR STATEMENTS (CAL. LABOR CODE
21                                        )   § 226);
                                          )
22                                        )   4. WAITING TIME PENALTIES (CAL.
                                          )   LABOR CODE §§ 201-203);
23                                        )
                                          )   5. REQUIRING REPAYMENT OF EARNED
24                                        )   WAGES (CAL. LABOR CODE § 221);
                                          )
25                                        )   6. CONVERSION (CAL. CIV. CODE § 3336;
                                          )   AND
26                                        )
                                          )   7. UNFAIR COMPETITION (CAL. BUS. &
27                                        )   PROF. CODE § 17200, et seq.)

28

                                                    5   10/24/06

                   FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs Sofia Salvador and Jeanette Urdiano, individually and on behalf of all others similarly situated, allege:

## GENERAL ALLEGATIONS

1.      Plaintiffs Sofia Salvador and Jeanette Urdiano bring this class action and representative action to remedy wage and hour violations by defendants PLS Check Cashers of California, PLS Financial Services, Inc., Azteca of California, And Does 1 Through 100, Inclusive (collectively, "Defendants"), who engaged in a pervasive and unlawful scheme to deprive their employees of the protections granted them by California wage and hour law.  Plaintiffs bring this action on their own behalf and on behalf of the following class of individuals (the "Class Members"):

> **Plaintiffs and all other persons who have been employed by Defendants, or any of them, as cashiers in the State of California at any time from July 14, 2002, and continuing while this action is pending (the "Class Period").**

2.      During the Class Period, Defendants: (1) failed and refused to pay overtime wages to the Class Members; (2) failed and refused to provide meal and rest breaks to the Class Members; (3) failed and refused to provide timely and accurate wage and hour statements to the Class Members; (4) failed and refused to pay compensation due to the Class Members in a timely manner upon their termination or resignation; (5) converted the Class Members' earned wages to their own benefit; and (6) committed unfair business practices in an effort to increase profits and to gain an unfair business advantage at the expense of the Class Members and the public.  The foregoing acts and other acts by Defendants violated provisions of the California Labor Code, including sections 201, 202, 203, 216, 221, 226, 226.7, 510, and 512 (collectively the "Employment Laws"), violated the applicable Wage Orders issued by the Industrial Welfare Commission of the State of California ("Regulations"), violated California's Unfair Business Practices Act, California Business & Professions Code sections 17200, et seq., and violated the Class Members' rights.

3.      Venue is proper in this Court because the Cross-Defendants do substantial business in Los Angeles County, California, and employed plaintiffs and numerous other Class Members in Los Angeles County, California.

THE PEARL LAW FIRM

1

---

**FIRST AMENDED CLASS ACTION COMPLAINT**

**THE PARTIES**

4.     Ms. Sofia Salvador is, and at all relevant times was, a competent adult residing in Los Angeles County, California.

5.     Ms. Jeanette Urdiano is, and at all relevant times was, a competent adult residing in Los Angeles County, California.

6.     Plaintiffs are informed and believe and on that basis allege that defendant PLS Check Cashers of California, Inc. ("PLS of CA") is, and at all relevant times was, a corporation organized under the laws of the State of California, with its corporate headquarters and principal place of business located in Los Angeles County, California.

7.     Plaintiffs are informed and believe and on that basis allege that defendant Azteca of California ("Azteca") is, and at all relevant times was, a business entity of unknown form, with its headquarters and principal place of business located in Los Angeles County, California.

8.     Plaintiffs are informed and believe and on that basis allege that defendant PLS Financial Services, Inc. ("PLS") is, and at all relevant times was, a corporation organized under the laws of the State of Illinois, with its corporate headquarters and principal place of business located in Cook County, Illinois.

9.     Plaintiffs currently are unaware of the true names and capacities of the defendants sued in this action by the fictitious names DOES 1 through 100, inclusive, and therefore sue those defendants by those fictitious names.  Plaintiffs will amend this Complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

10.     Plaintiffs are informed and believe and on that basis allege that each defendant sued in this action, including each defendant sued by the fictitious names DOES 1 through 100, inclusive, is responsible in some manner for the occurrences, controversies and damages alleged below.

**SPECIFIC ALLEGATIONS**

11.     During the four years preceding the filing of this action, Defendants employed plaintiffs and the other Class Members as cashiers at various locations in California.  Defendants' policy is and was to treat all of the Class Members as exempt from the requirements of the Employment Laws and Regulations.

2

---

**FIRST AMENDED CLASS ACTION COMPLAINT**

THE PEARL LAW FIRM

12. Defendants routinely pay the Class Members a set rate for each hour worked, without premium compensation for hours worked in excess of eight hours per day or 40 hours per week. Additionally, Defendants routinely deny the Class Members meal and rest breaks, and other incidents and conditions of employment which are required for non-exempt employees in California pursuant to the Employment Laws and Regulations.

13. The Class Members are not and were not exempt from the Employment Laws and Regulations. The Class Members routinely spend over fifty percent of their working hours performing non-exempt activities.

14. Defendants routinely require the Class Members to work more than eight hours per day, and more than 40 hours per workweek. Additionally, Defendants on occasion require the Class Members to work more than six days in seven.

15. Defendants routinely fail to provide the Class Members with rest breaks during work shifts in excess of four hours, and routinely require the Class Members to work more than five hours without being given at least a 30-minute completely off meal break.

16. Defendants routinely fail to pay accrued wages and other compensation due immediately to Class Members who are terminated and routinely fail to pay accrued wages and other compensation due within seventy-two hours to Class Members who end their employment with Defendants.

17. Defendants routinely require the Class Members to repay the Class Members' lawfully earned wages to Defendants for Defendants' alleged business losses.

18. Defendants routinely fail to provide the Class Members with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing that Class Member, and all applicable hours rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by that Class Member.

19. Defendants failed to maintain complete and accurate payroll records for each Class Member, showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing that Class Member and all applicable hours rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by that Class

3

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  Member.

2      20.   Plaintiffs are informed and believe and on that basis allege that Defendants violated other

3  provisions of the Employment Laws and Regulations which provide for statutory or civil penalties to

4  be assessed and collected by the California Labor and Workforce Development Agency or its various

5  departments, divisions, commissions, boards, agencies or employees.

6      21.   Defendants routinely required and/or caused the Class Members, including Plaintiffs, to

7  work for longer hours than those fixed, or under conditions of labor prohibited by order of the Industrial

8  Welfare Commission, in violation of those orders.

9      22.   Plaintiffs seek, on their own behalf and on behalf of the Class Members, overtime wages

10  and other compensation owed to them, plus all benefits required pursuant to the Employment Laws and

11  Regulations based on the sums withheld from them by Defendants, plus penalties, attorney's fees and

12  costs as provided by statute.  In addition, Plaintiffs seek injunctive relief in the form of an order

13  prohibiting Defendants from requiring the Class Members to work more than forty hours in any

14  workweek without payment of overtime wages.  Further, Plaintiffs seek an order that Defendants report

15  to the State authorities, and thereafter pay the assessments required by law.

16      23.   Plaintiffs also seek restitution and disgorgement of all sums wrongfully obtained by

17  Defendants through unfair business practices in violation of California Business & Professions Code

18  sections 17200, et seq., to prevent the Defendants from benefitting from their violations of law and/or

19  unfair acts.  Such sums recovered under the Unfair Competition Act and Unfair Businesses Act are

20  equitable in nature and are not to be considered damages.  Plaintiffs also are entitled to costs, attorney's

21  fees, interest and penalties as provided for by the California Labor Code and California Business &

22  Professions Code, and the Private Attorney General Act, California Code of Civil Procedure section

23  1021.5.

24      24.   To the extent that any Class Member entered into any arbitration agreement with any

25  Defendant and such agreement purports to require arbitration, any such agreement is void and

26  unenforceable.  Any such agreement was one of adhesion, was executed under duress, lacked

27  consideration and mutuality, and failed to provide that Defendants would pay the costs of any arbitration,

28  and was otherwise void under both California Labor Code section 229 and the California Supreme Court

THE PEARL LAW FIRM

4

---

**FIRST AMENDED CLASS ACTION COMPLAINT**

1    case of <u>Armendariz v. Foundation Health Psychare Services, Inc.</u>, 24 Cal.4[th] 83 (2000).

## CLASS ACTION ALLEGATIONS

3        25.      The Class Members seek payment of overtime wages and other compensation owed to

4 them, plus all benefits required pursuant to the Employment Laws and Regulations based on the sums

5 that were withheld from them, plus penalties, attorney's fees and costs, as provided by statute.

6        26.      The Class Members are so numerous that joinder of each such individual would be

7 impracticable, and the disposition of their claims in a class action, rather than in numerous individual

8 actions, will benefit the parties, the Court and the interests of justice.

9        27.      There is a well defined community of interest in the questions of law and fact involved

10 affecting all Class Members in that Defendants' treatment of all Class Members as exempt employees

11 under the Employment Laws and Regulations affects all Class Members. Common questions of law and

12 fact predominate over questions that affect only individual Class Members in that the Class Members'

13 duties and activities were controlled and directed by Defendants.

14        28.      Plaintiffs' claims are typical of those belonging to other Class Members in that Plaintiffs'

15 employment duties and activities were typical of the employment duties and activities of other Class

16 Members, and that Plaintiffs were treated by Defendants as exempt employees and denied the benefits

17 and protections of the Employment Laws and Regulations in the same manner as the other Class

18 Members.

19        29.      Plaintiffs can adequately represent and protect the interests of all Class Members.

20 Plaintiffs' counsel is competent and experienced in litigating class actions in California based on

21 violations of the Employment Laws and Regulations.

## FIRST CAUSE OF ACTION

### For Failure to Pay Overtime Compensation

### by Plaintiffs Individually and on Behalf of All Class Members

### Against All Defendants

### California Labor Code Sections 510, 1194

27        30.      Plaintiffs incorporate by reference and reallege paragraphs 1 through 28, inclusive, as

28 though set forth fully herein.

5

*THE PEARL LAW FIRM*

---

FIRST AMENDED CLASS ACTION COMPLAINT

31. The applicable Wage Order issued by the Industrial Welfare Commission of the State of California provides that employment beyond eight (8) hours in any workday, 40 hours in any workweek or more than six (6) days in any workweek is permissible only if the employer pays the employee the required overtime compensation.   The Wage Order provides:

> Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.

32. During the Class Period, Defendants routinely required the Class Members, including Plaintiffs, to work more than eight hours per day, and more than 40 hours per workweek. Additionally, Defendants on occasion require the Class Members to work more than six days in seven.

33. At all relevant times, Defendants failed and refused to pay the Class Members, including Plaintiffs, the overtime compensation required by the Employment Laws and Regulations.

34. Defendants thus required the Class Members, including Plaintiffs, to work for longer hours than those fixed, or under conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

35. As alleged herein, the Class Members, including Plaintiffs, are not exempt from the overtime compensation requirements of the Employment Laws and Regulations.

36. The Class Members, including Plaintiffs, have been deprived of their rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.   The Class Members, including Plaintiffs, are entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

37. Defendants thus required the Class Members, including Plaintiffs, to work longer

38. The conduct alleged above was oppressive, fraudulent, malicious and in conscious disregard of the rights of the Class Members, including Plaintiffs, thus entitling the Class Members, including Plaintiffs, to punitive damages.

/// 

/// 

THE PEARL LAW FIRM

6

**FIRST AMENDED CLASS ACTION COMPLAINT**

# SECOND CAUSE OF ACTION

## For Failure to Provide Meal and Rest Periods

## by Plaintiffs Individually and on Behalf of All Class Members

## Against All Defendants

## California Labor Code Sections 226.7, 512

39. Plaintiffs incorporate by reference and reallege paragraphs 1 through 28, inclusive, as though set forth fully herein.

40. The applicable Wage Order issued by the Industrial Welfare Commission of the State of California provides that "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...." The Wage Order provides further:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

41. During the Class Period, Defendants routinely failed to provide the Class Members, including Plaintiffs, with meal and rest periods during their work shifts, and failed to compensate the Class Members, including Plaintiffs, for said meal and rest periods, as required by California Labor Code sections 226.7, 512 and the other applicable sections of the Employment Laws and Regulations.

42. As alleged herein, the Class Members, including Plaintiffs, are not exempt from the meal and rest period requirements of the Employment Laws and Regulations.

43. Defendants thus required the Class Members, including Plaintiffs, to work under conditions prohibited by order of the Industrial Welfare Commission, in violation of those orders.

44. The Class Members, including Plaintiffs, have been deprived of their rightfully earned compensation for meal and rest periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. The Class Members, including Plaintiffs, are entitled to recover such amounts pursuant to California Labor Code section 276.7(b), plus interest thereon, attorney's fees and costs.

7

THE PEARL LAW FIRM

1    45.    The conduct alleged above was oppressive, fraudulent, malicious and in conscious

2   disregard of the rights of the Class Members, including Plaintiffs, thus entitling the Class Members,

3   including Plaintiffs, to punitive damages.

4                              **THIRD CAUSE OF ACTION**

5                  **For Failure to Furnish Wage and Hour Statements**

6              **by Plaintiffs Individually and on Behalf of All Class Members**

7                              **Against All Defendants**

8                         **California Labor Code Section 226**

9    46.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 28, inclusive, as

10  though set forth fully herein.

11   47.    The applicable Wage Order provides:

12         Every employer shall semimonthly or at the time of each payment of

13         wages furnish each employee, either as a detachable part of the check,

14         draft, or voucher paying the employee's wages, or separately, an itemized

15         statement in writing showing: (1) all deductions; (2) the inclusive dates

16         of the period for which the employee is paid; (3) the name of the

17         employee or the employee's social security number; and (4) the name of

18         the employer, provided all deductions made on written orders of the

19         employee may be aggregated and shown as one item.

20   48.    During the Class Period, Defendants knowingly and intentionally failed to provide the

21  Class Members, including Plaintiffs, with timely and accurate wage and hour statements showing gross

22  wages earned, total hours worked, all deductions made, net wages earned, the name and address of the

23  legal entity employing that Class Member, and all applicable hours rates in effect during each pay period

24  and the corresponding number of hours worked at each hourly rate by that Class Member.

25   49.    As alleged herein, the Class Members, including Plaintiffs, are not exempt from the

26  requirements of the Employment Laws and Regulations.

27   50.    Defendants thus required the Class Members, including Plaintiffs, to work under

28  conditions prohibited by order of the Industrial Welfare Commission, in violation of those orders.

8

THE PEARL LAW FIRM

51.     The Class Members, including Plaintiffs, suffered injury as a result of Defendants' knowing and intentional failure to provide the Class Members, including Plaintiffs, with the wage and hour statements required by law.

52.     Based on Defendants' conduct as alleged herein, Defendants are liable for actual damages, statutory damages and/or statutory penalties pursuant to California Labor Code section 226, and other applicable provisions of the Employment Laws and Regulations.

53.     The conduct alleged above was oppressive, fraudulent, malicious and in conscious disregard of the rights of the Class Members, including Plaintiffs, thus entitling the Class Members, including Plaintiffs, to punitive damages.

## FOURTH CAUSE OF ACTION

### For Waiting Time Penalties

### by Plaintiffs Individually and on Behalf of All Class Members

### Against All Defendants

### California Labor Code Sections 201 through 203

54.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 28, inclusive, as though set forth fully herein.

55.     During the Class Period, Defendants failed to pay the Class Members, including Plaintiffs, accrued wages and other compensation due immediately upon termination or within seventy-two hours of resignation, as required.

56.     As alleged herein, the Class Members, including Plaintiffs, are not exempt from the requirements of the Employment Laws and Regulations.

57.     Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to California Labor Code section 203, and other applicable provisions of the Employment Laws and Regulations.

///
///
///
///

THE PEARL LAW FIRM

9

**THE PEARL LAW FIRM**

## FIFTH CAUSE OF ACTION

### Requiring Repayment of Wages to Employer

### by Plaintiffs Individually and on Behalf of All Class Members

### Against All Defendants

### California Labor Code Section 221

58.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 28, inclusive, as though set forth fully herein.

59.     As alleged above, Defendants forced Plaintiffs to repay a portion of their lawfully earned wages to Defendants for Defendants' alleged business losses, in violation of California Labor Code Section 221.

60.     Plaintiffs have been deprived of their lawfully earned wages as a direct and proximate result of Defendants' acts.  Plaintiffs are entitled to recover such amounts, plus interest thereon.

61.     The conduct alleged above was oppressive, fraudulent, malicious and in conscious disregard of the rights of the Class Members, including Plaintiffs, thus entitling the Class Members, including Plaintiffs, to punitive damages.

## SIXTH CAUSE OF ACTION

### For Conversion

### by Plaintiffs Individually and on Behalf of All Class Members

### Against All Defendants

### California Civil Code Section 3336

62.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 28, inclusive, as though set forth fully herein.

63.     During the Class Period, Defendants wrongfully failed and refused to pay the Class Members, including Plaintiffs, wages and other compensation which was due to them for overtime work, for meal and rest breaks, and as otherwise required pursuant to the Employment Laws and Regulations.

64.     As alleged herein, the Class Members, including Plaintiffs, are not exempt from the requirements of the Employment Laws and Regulations.

///

10

---

**FIRST AMENDED CLASS ACTION COMPLAINT**

65.     At all relevant times herein, Defendants had and continued to have a legal obligation imposed by statute to pay to the Class Members, including Plaintiffs, all overtime wages and other compensation due.  Such wages and compensation belonged to the Class Members, including Plaintiffs, at the time the labor and services were provided to Defendants, and accordingly such wages and compensation are the property of the Class Members, including Plaintiffs.

66.     Defendants converted such wages and compensation as part of an intentional and deliberate scheme to maximize profits at the expense of the Class Members, including Plaintiffs.

67.     The Class Members, including Plaintiffs, have been injured by Defendants' intentional conversion of such wages and compensation.  The Class Members, including Plaintiffs, are entitled to all monies converted by Defendants, with interest thereon as well as any and all profits, whether direct or indirect, which Defendants acquired by their unlawful conversion.

68.     Before they filed this action, Plaintiffs, individually and on behalf of the Class Members, wrote a pre-litigation demand to Defendants.  Plaintiffs detailed their claims and the claims of the Class Members, <u>demanded that Defendants "pay the putative class members their unpaid compensation and penalties,"</u> and offered to discuss "a pre-litigation resolution of this matter on a class-wide basis." A true and correct copy of Plaintiffs' correspondence to Defendants dated November 14, 2005, is attached as Exhibit A. Despite this demand, Defendants refuse to pay Plaintiffs and the Class Members their unpaid compensation and penalties.

69.     The conduct alleged above was oppressive, fraudulent, malicious and in conscious disregard of the rights of the Class Members, including Plaintiffs, thus entitling the Class Members, including Plaintiffs, to punitive damages.

## SEVENTH CAUSE OF ACTION

### For Unfair Competition

### by Plaintiffs Individually on behalf of All Class Members and the Public

### Against All Defendants

### California Business & Professions Code Section 17200, et seq.

70.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 28, inclusive, as though set forth fully herein.

11

---

FIRST AMENDED CLASS ACTION COMPLAINT

THE PEARL LAW FIRM



71.    Defendants' violations of the Employment Laws and Regulations as alleged herein, including Defendants' misclassification of the Class Members as exempt employees, Defendants' failure and refusal to pay overtime wages to the Class Members, Defendants' failure to provide meal and rest breaks to the Class Members, Defendants' failure to provide the Class Members with timely and accurate wage and hour statements, Defendants' failure to pay compensation due to the Class Members in a timely manner upon their termination or resignation, and Defendants' failure to maintain complete and accurate payroll records for the Class Members, constitute unfair business practices in violation of California Business & Professions Code Section 17200, et seq.

72.    As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiffs, the Class Members, and members of the public. Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiffs and the Class Members.

73.    Defendants' unfair business practices entitle Plaintiffs to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge and restore to the Class Members the overtime compensation and other compensation unlawfully withheld from them.   WHEREFORE, plaintiffs Sofia Salvador and Jeanette Urdiano, individually and on behalf of all others similarly situated, hereby pray that the Court enter judgment in their favor and against defendants PLS Check Cashers of California, Inc., PLS Financial Services, Inc., Azteca of California, and Does 1-100, Inclusive, as follows:

1.    For payment of overtime compensation in an amount not less than $1,942,000;

2.    For statutory penalties pursuant to California Labor Code Section 226 in an amount not less than $256,000;

3.    For payment of meal and rest period compensation in an amount not less than $246,000;

4.    For payment of amounts that Defendants confiscated from Plaintiffs to repay them for their alleged business losses in an amount not less than $68,000;

5.    For waiting time penalties in an amount not less than $125,000;

6.    For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

12

THE PEARL LAW FIRM

7.      For preliminary and permanent injunctive relief prohibiting Defendants from continuing the conduct complained of;

8.      For an order requiring Defendants to make restitution to Plaintiffs in the amounts set forth above and requiring Defendants to disgorge to Plaintiffs all additional garnered as a result of Defendants' unlawful failure to pay overtime wages and other compensation earned;

9.      For punitive damages on Plaintiffs' First, Second, Third, Fifth and Sixth Causes of Action in an amount sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

10.     For reasonable attorney fees;

11.     For costs of suit incurred herein; and

12.     For such further relief as the Court may deem appropriate.

DATED: October 23, 2006

THE PEARL LAW FIRM,
A PROFESSIONAL CORPORATION

By:  Steven G. Pearl
Attorneys For Plaintiffs
Sofia Salvador and Jeanette Urdiano
Individually And on Behalf of All Others Similarly Situated

THE PEARL LAW FIRM

13

**FIRST AMENDED CLASS ACTION COMPLAINT**

EXHIBIT A

LAW OFFICES OF
# STEVEN G. PEARL

November 14, 2005

<u>VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED</u>

PLS Financial Services, Inc.
c/o John L. Castillo, Esq.
209 East Washington Avenue
Santa Ana, CA 92701

PLS Check Cashers of California
c/o National Registered Agents, Inc.
2030 Main Street, Suite 1030
Irvine, CA 92614

Azteca of California
1605 S. Hoover Street
Los Angeles, CA 90006

Re:    <u>Pre-litigation Demand for Sofia Salvador, Julio Salvador, Jeanette Urdiano, Individually And on Behalf of All Others Similarly Situated</u>

      This office represents Sofia Salvador, and Julio Salvador, and Jeanette Urdiano, individually and on behalf of all others similarly situated, with regard to this matter.

      We understand that you employed Sofia Salvador as a cashier from approximately August 30, 2004, to October 21, 2005. Ms. Salvador typically worked nine to ten hours per day, six to seven days per week, for an average of approximately 60 hours per week. You initially paid Ms. Salvador $7.75 per hour, then raised her regular rate to $8.50 per hour.

      We understand that you currently employ Julio Salvador as a cashier. Mr. Salvador began working for you on approximately July 22, 2005. Mr. Salvador typically works nine to ten hours per day, six to seven days per week, for an average of approximately 60 hours per week. You initially paid Mr. Salvador $7.50 per hour, then raised his regular rate to $8.50 per hour.

      We understand that you currently employ Jeanette Urdiano as a cashier. Ms. Urdiano began working for you on approximately July 19, 2004. Ms. Urdiano typically works nine to ten hours per day, six to seven days per week, for an average of approximately 60 hours per week. You initially paid Ms. Urdiano $7.50 per hour, then raised her regular rate to $8.50 per hour.

LAW OFFICES OF
# STEVEN G. PEARL

PLS Financial Services, Inc.
Page: 2
November 14, 2005

You refused to pay our clients the required overtime compensation (time-and-a-half for all hours worked in excess of eight hours per day or forty hours per week and double-time for all hours in excess of twelve hours per day) for all of the overtime hours that they worked.

You refused to provide our clients with the required meal periods (one thirty-minute period per five hours of work) and rest periods (one ten-minute period per four hours of work). You did not compensate them for these missed meal and rest periods, as required.

You refused to provide our clients with timely and accurate wage and hour statements that included all of the information required by California law. Specifically, the wage and hour statements that you provided to our clients included incomplete and inaccurate information regarding their hours worked. In addition, our clients are informed and believe that you failed to maintain complete and accurate payroll records showing the required information.

You routinely deducted amounts from our clients' wages for alleged shortages.

Finally, you refused to pay Ms. Salvador all earned wages in a timely manner upon her termination.

Our clients are informed and believe that you similarly refused to comply with California wage and hour laws with regard to your other cashier employees. As a result, our clients and the other cashier employees are entitled to recover the following:

- Compensation for your failure to pay overtime compensation for overtime hours worked (Cal. Labor Code § 510, 1194);

- Compensation for your failure to provide required meal and rest periods or to pay for the missed periods (Cal. Labor Code § 226.7, 512);

- Compensation for your failure to furnish timely and accurate wage and hour statements (Cal. Labor Code §§ 226, 226.3);

- Compensation for your failure to maintain complete and accurate payroll records (Cal. Labor Code §§ 1174, 1174.5);

- Compensation for your illegal deductions from class members' wages (Cal. Labor Code §§ 221);

- Penalties for these violations of California's wage and hour laws (Cal. Labor Code § 558);

- Further "waiting time" penalties for your failure to pay the class members all earned wages at the time of termination (Cal. Labor Code §§ 201-203);

LAW OFFICES OF
# STEVEN G. PEARL

PLS Financial Services, Inc.
Page 3
November 14, 2005

- Punitive damages for your knowing and intentional violation of the rights of Our clients and the class members (Cal. Civil Code § 3294); and

- Reasonable attorney fees and costs (Cal. Labor Code §§ 226(e), 1194; Cal. Code Civ. Proc. § 1021.5).

Despite the severe and obviously intentional nature of these violations, our clients are willing to discuss a pre-litigation resolution of this matter on a class-wide basis. Pre-litigation resolution would encompass a stipulated settlement class of all individuals employed by you as cashiers in California at any time from November 14, 2005, through the date of preliminary approval of the class settlement. You would be required to pay the putative class members their unpaid compensation and penalties and would be required to abide by all California wage and hour laws in the future.

You may contact me directly to discuss resolution of this matter. If you are represented by an attorney, you may have your attorney contact me, as ethical rules will prohibit me from speaking with you directly. Should you wish to discuss settlement, we will request that you execute a Statute of Limitations Tolling Agreement, which we will provide upon request. You are advised to consult with an attorney of your choosing regarding your rights and obligations prior to contacting us regarding this matter or executing the Statute of Limitations Tolling Agreement.

You, your agents and your attorneys may not contact our clients regarding this matter. Our clients have designated this office as their representative for purposes of discussing this matter with you (Cal. Labor Code § 923). Our clients do not want to discuss this matter with you and they will consider any effort to confront them regarding this matter to constitute harassment and unlawful retaliation in violation of their right to demand payment of lawful wages.

Should you reject this offer, our clients will have no choice but to file a class action lawsuit in Superior Court against PLS Financial Services, Inc., PLS Check Cashers of California, and Azteca of California, seeking all amounts owed, including compensation, interest, penalties, costs, attorney fees and punitive damages.

If we are not able to resolve this matter by the close of business on November 24, 2005, we will be forced to move forward with litigation. We sincerely hope that such steps will not be necessary.

Sincerely,

Steven G. Pearl

SGP:dnp

111405.PLS.wpd

## PROOF OF SERVICE

I, Nikki Safavi, declare:

I am a resident of the State of California and over the age of 18 years, and not a party to this action. My business address is 16133 Ventura Boulevard, Suite 625, Encino, California 91436-2412. On October 24, 2006, I served the following document(s):

### FIRST AMENDED CLASS ACTION COMPLAINT

☐     by transmitting the document(s) listed above via facsimile to the person(s) at the fax number(s) listed below on this date before 5:00 p.m.;

**X**     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Encino, California, addressed as listed below;

☐     by causing personal delivery of the document(s) listed above to the person(s) at the address(es) listed below;

☐     by personally delivering the document(s) listed above to the person(s) at the address(es) listed below;

☐     by placing the document(s) listed above in a sealed envelope with delivery charges thereon fully prepaid, with Federal Express at Encino, California, addressed as listed below;

Roger B. Coven, Esq.
Holland & Knight LLP
633 W. Fifth Street, 21st Floor
Los Angeles, CA 90071-2400

I am readily familiar with this firm's practice of collecting and processing correspondence for mailing. Under that practice, mail is deposited in the United States Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing set forth above.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 24, 2006, at Encino, California.

Nikki Safavi

**EXHIBIT 7**

1   HOLLAND & KNIGHT LLP
   ROGER B. COVEN (SBN: 134389)
2      BENJAMIN S. LIN (SBN: 232735)
   633 West Fifth Street, 21st Floor
3   Los Angeles, California 90071-2040
   Telephone (213) 896-2400
4   Facsimile (213) 896-2450

5   Attorneys for Defendants PLS Check Cashers
   of California, Inc. (previously known as Azteca
6   of California, Inc.) and PLS Financial Services, Inc.

7

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 27 2006

8   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9   **FOR THE COUNTY OF LOS ANGELES**

10

11   SOFIA SALVADOR and JEANETTE
   URDIANO,
12
              Plaintiffs,
13
      vs.
14
   PLS CHECK CASHERS OF
15   CALIFORNIA, INC., PLS
   FINANCIAL SERVICES, INC.,
16   AZTECA OF CALIFORNIA, and
   DOES 1 through 100, inclusive,
17
             Defendants.
18

19

20

21

Case No. BC 355555

Assigned to Hon. Aurelio Munoz

**NOTICE OF DEMURRER AND
DEMURRER OF DEFENDANTS PLS
CHECK CASHERS OF CALIFORNIA,
INC. AND PLS FINANCIAL
SERVICES, INC. TO FIRST
AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT
THEREOF**

DATE:   January 26, 2007
TIME:   8:30 a.m.
DEPT:   47

Trial Date:  None set

[Filed concurrently with Motion To Strike]

22

23        PLEASE TAKE NOTICE that on January 26, 2007, at 8:30 a.m., or as soon

24   thereafter as the matter may be heard, in Department 47 of the above-entitled court

25   located at 111 N. Hill Street, Los Angeles, California, 90012, Defendants PLS CHECK

26   CASHERS OF CALIFORNIA, INC. (formerly known as Azteca of California, Inc. and

27   erroneously sued as two entities) and PLS FINANCIAL SERVICES, INC. (hereinafter

28   collectively referred to as "Defendants") will and hereby do demur to the Sixth Cause of

1     SF 11/27/06

NOTICE OF DEMURRER AND DEMURRER OF DEFENDANTS TO FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1   Action alleged in the First Amended Complaint filed herein on or about October 24,

2   2006, by Plaintiffs Sofia Salvador and Jeanette Urdiano (hereinafter collectively referred

3   to as "Plaintiffs").

4        Defendants bring this demurrer pursuant to Code of Civil Procedure Sections

5   430.10(e) and 430.30 on the ground that the Sixth Cause of Action alleged in the First

6   Amended Complaint fails to state facts sufficient to constitute a cause of action against

7   these Defendants.

8        Said Demurrer will be based upon this Notice, the attached Demurrer and

9   Memorandum of Points and Authorities, the Complaint on file herein, the matters of

10  which the Court is requested to take judicial notice, and such oral and documentary

11  evidence as may be presented at the hearing.

12

13  Date: November 27, 2006          HOLLAND & KNIGHT LLP

14

15                                   By: _____
                                              Roger B. Coven
16
                                     Attorneys for Defendants PLS CHECK
17                                   CASHERS OF CALIFORNIA, INC.
                                     (previously known as Azteca of California, Inc.)
18                                   and PLS FINANCIAL SERVICES, INC.

19

20

21

22

23

24

25

26

27

28

2

NOTICE OF DEMURRER AND DEMURRER OF DEFENDANTS TO FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## DEMURRER

Defendants PLS CHECK CASHERS OF CALIFORNIA, INC. (formerly known as Azteca of California, Inc. and erroneously sued as two entities) and PLS FINANCIAL SERVICES, INC. hereby demur to the Sixth Cause of Action alleged in the Plaintiffs' First Amended Complaint on the following ground:

      1.     The Sixth Cause of Action For Conversion fails to state facts sufficient to constitute a cause of action against these Defendants, or either of them.

Date:  November 27, 2006

HOLLAND & KNIGHT LLP

By: _____

Roger B. Coven

Attorneys for Defendants PLS CHECK CASHERS OF CALIFORNIA, INC. (previously known as Azteca of California, Inc.) and PLS FINANCIAL SERVICES, INC.

NOTICE OF DEMURRER AND DEMURRER OF DEFENDANTS TO FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants PLS CHECK CASHERS OF CALIFORNIA, INC. (formerly known as Azteca of California, Inc. and erroneously sued as two entities) and PLS FINANCIAL SERVICES, INC. (hereinafter collectively referred to as "Defendants") submit this demurrer to test the adequacy of, and to eliminate from this action, the sixth cause of action for conversion alleged by Plaintiffs Sofia Salvador and Jeanette Urdiano in their First Amended Complaint.

This is the second demurrer to the sixth cause of action. Defendants' demurrer to this and other causes of action alleged in the initial complaint came before this Court on September 26, 2006. At that time, the Court granted the demurrer to the sixth cause of action, stating as follows:

> Because the property alleged to have been converted was not initially wrongfully taken from plaintiffs, plaintiffs must allege a demand has been made for the moneys and that demand has been refused. That has not been done.

Tentative Ruling, dated September 26, 2006. The Court sustained the demurrer to the sixth cause of action for conversion, and granted plaintiffs leave to amend.

In their First Amended Complaint, Plaintiffs have added one paragraph to their sixth cause of action (paragraph 68), alleging that they made the required demand in a letter dated November 14, 2005, which is attached to the First Amended Complaint as Exhibit A. As the text of that letter makes clear, however, plaintiffs made no pre-filing demand for the property they now claim was converted. For all of the reasons discussed below, therefore, Defendants respectfully request this honorable Court to sustain their demurrer in its entirety without leave to amend.

NOTICE OF DEMURRER AND DEMURRER OF DEFENDANTS TO FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1    II.    **ARGUMENT**

2           A.    **Plaintiffs' Sixth Cause of Action For Conversion Fails To State Facts**

3                 **Sufficient To Constitute A Cause of Action.**

4                 In their sixth cause of action for conversion, Plaintiffs allege that "Defendants

5    wrongfully failed and refused to pay the Class Members, including Plaintiffs, wages and

6    other compensation" and that "Defendants converted such wages and compensation as

7    part of an intentional and deliberate scheme to maximize profits...." First Amended

8    Complaint, ¶¶ 63-66. Under the facts alleged, however, Plaintiffs cannot state a claim for

9    conversion.

10                Plaintiffs do not (and cannot) allege that Defendants, or either of them, took

11   Plaintiffs' property unlawfully. The property involved in this case is money obtained by

12   Defendants lawfully in the regular course of their business that allegedly should have

13   been paid to Plaintiffs in wages or other compensation. Accordingly, the conversion

14   alleged in the context of this case is one by which property lawfully obtained by

15   Defendants was alleged to have been wrongfully detained. In such a case, where the

16   applicable property was lawfully obtained by the defendant but not delivered to the

17   plaintiff, the law has long imposed a substantive requirement of a demand for delivery,

18   and a refusal to deliver, before an action for conversion can be filed. *E.g., Minsky v. City*

19   *of Los Angeles*, 11 Cal.3d 113, 119 n.7, 113 Cal.Rptr. 102, 520 P.2d 726 (1974; *Story v.*

20   *Gateway Chevrolet Co.*, 237 Cal.App.2d 705, 710, 47 Cal. Rptr. 267 (1965); *Gardena*

21   *Valley Airport, Inc. v. All American Sports Enterprises, Inc.*, 230 Cal.App.2d, 478, 482,

22   41 Cal.Rptr. 93 (1964); *see Reynolds v. Bement*, 36 Cal.4[th] 1075, 1091, 32 Cal.Rptr.3d

23   483, 116 P.3d 1162 (2005) (noting that plaintiff conceded that the court of appeal below

24   correctly concluded that he could not state a claim for conversion).

25                In their First Amended Complaint, Plaintiffs attempt to satisfy this rule, but they

26   cannot. The alleged pre-filing demand is a letter dated November 14, 2005, which is

27   attached to the First Amended Complaint as Exhibit A. First Amended Complaint, at 11

28                                                    2

NOTICE OF DEMURRER AND DEMURRER OF DEFENDANTS TO FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

(¶ 68).  In paragraph 68, Plaintiffs allege that, by this letter, they "demanded that Defendants 'pay the putative class members their unpaid compensation and penalties.'" *Id.*  In fact, that is *not* what the letter says.  In the November 14, 2005 letter, Plaintiffs' counsel set forth his claims against Defendants, and expressed a willingness to discuss a pre-litigation settlement of those claims.  First Amended Complaint, Exhibit A, at 3.  In any such settlement, Plaintiffs' counsel asserted to Defendants, "You would be required to pay the putative class members their unpaid compensation and penalties and would be required to abide by all California wage and hour laws in the future." ***This is no demand for the delivery of property.***  To the contrary, this is a statement of what it might take to settle a series of claims.

- There is nothing in the November 14, 2005 letter demanding with any specificity the delivery of any property owned by Plaintiff Sofia Salvador.
- There is nothing in the November 14, 2005 letter demanding with any specificity the delivery of any property owned by Plaintiff Jeanette Urdiano.

There is only a series of assertions that unquantified amounts of money may be due to various individuals who have been in Defendants' employ.

As this Court noted in its order of September 26, 2006, although "it is not necessary that each coin or bill be earmarked," "money cannot be the subject of an action for conversion unless a specific sum capable of identification is involved." *Fisher v. Machado*, 50 Cal.App.,4th 1069, 1072 (1996) (*quoting Haigler v. Donnelly*, 18 Cal.2d 674, 681 (1941).  The pre-filing demand, of course, must be for the property that is the subject of the claim for conversion.  Accordingly, the pre-filing demand, when the subject of the claim is money, must be for "a specific sum capable of identification." Clearly, no such demand was made in the letter of November 14, 2005.  Accordingly, Plaintiffs cannot state a claim for conversion, and the instant demurrer should be granted.

Moreover, a California Federal court recently found that no claim for conversion can be stated for the recovery of unpaid wages on a completely separate basis.  In *Green*

NOTICE OF DEMURRER AND DEMURRER OF DEFENDANTS TO FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1  *v. Party City Corp.*, 2002 U.S. Dist. LEXIS 7750 (C.D. Cal. 2002)., the court found that

2  the statutory remedies provided by the Labor Code precluded a separate claim for

3  conversion.

> Under California law, "when a new right has been created by statute, and a statutory remedy for its infringement is provided, the statutory remedy is exclusive and no other remedy will be allowed." 3 B.E. Witkin, California Procedure § 7 (4th ed. 1996); see, e.g., *Stevenson v. Superior Court*, 16 Cal.4th 880, 900, 941 P.2d 1157 (1997) ("Where new right is created by statute, the party aggrieved by its violation is confined to the statutory remedy if one is provided . . . .").

> *                *                *

> Plaintiff fails to cite, and this Court was unable to find, a case in which a statutorily-based claim for nonpayment of wages has been the subject of a conversion claim.

> In these circumstances, the Court finds that the statutory remedies for unpaid overtime wages bars plaintiff's claim for conversion. . . . [P]laintiff cannot assert a claim for conversion based on defendant's alleged violation of a statutory duty to pay overtime, but is limited to the remedies provided by statute.

16  *Id.*, at *11-13.

17      For both of these reasons, Plaintiffs have failed to state facts sufficient to

18  constitute a claim for conversion, and the demurrer to the sixth cause of action should be

19  sustained.

20  **B.    <u>The Demurrer Should Be Granted Without Leave To Amend</u>.**

21      This is Plaintiffs' second attempt to plead a claim for conversion.  Plaintiffs have

22  alleged what they claim to be a pre-filing demand adequate to support their claim, but

23  that purported demand is inadequate as a matter of law.  No further pleading could

24  change this result.  Accordingly, it is clear on the face of the First Amended Complaint

25  that Plaintiffs have no claim for conversion against these Defendants, and the instant

26  demurrer should be granted without leave to amend.

27

28
4

NOTICE OF DEMURRER AND DEMURRER OF DEFENDANTS TO FIRST AMENDED<br>COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

III.  **CONCLUSION**

For all of the reasons discussed above, Defendants respectfully request this honorable Court to grant their demurrer to the sixth cause of action for conversion in its entirety without leave to amend.

Date:  November 27, 2006

HOLLAND & KNIGHT LLP

By: _____
Roger B. Coven

Attorneys for Defendants PLS CHECK CASHERS OF CALIFORNIA, INC. (previously known as Azteca of California, Inc.) and PLS FINANCIAL SERVICES, INC.

NOTICE OF DEMURRER AND DEMURRER OF DEFENDANTS TO FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

# APPENDIX OF NON-CALIFORNIA AUTHORITIES

Tab   Non-California Authority

A   *Green v. Party City Corp.*, 2002 U.S. Dist. LEXIS 7750 (C.D. Cal. 2002).

# 4178637_v1

NOTICE OF DEMURRER AND DEMURRER OF DEFENDANTS TO FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

**EXHIBIT A**

LEXSEE 2002 U.S. DIST. LEXIS 7750

MARCUS GREEN, individually and on behalf of other members of the general public similarly situated v. PARTY CITY CORPORATION and Does 1-50

CV-01-09681 CAS (Ex)

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

*2002 U.S. Dist. LEXIS 7750*

April 9, 2002, Decided
April 12, 2002, Entered

**DISPOSITION:** [*1] Plaintiff's motion to remand DENIED. Plaintiff's request for sanctions DENIED. Defendant's motion for judgment on the pleadings GRANTED.

**COUNSEL:** For MARCUS GREEN, plaintiff: John Glugoski, Matthew Righetti, Edward J Wynne, Righetti & Wynne, San Francisco, CA.

For PARTY CITY CORPORATION, defendant: Douglas A. Wickham, Martha J Keon, Littler Mendelson, Los Angeles, CA.

**JUDGES:** PRESIDING: HONORABLE CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE.

**OPINIONBY:** CHRISTINA A. SNYDER

**OPINION:**

MINUTE ORDER

PROCEEDINGS: PLAINTIFF'S MOTION FOR REMAND AND REQUEST FOR SANCTIONS

(filed March 14, 2002)

DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S CONVERSION CLAIM
(filed February 4, 2002)

I. INTRODUCTION

On September 25, 2001, plaintiff Marcus Green, a citizen of California, filed this case as a class action in Superior Court of California, County of Los Angeles, alleging that defendant Party City Corporation, a Delaware corporation with its principal place of business in New Jersey, failed to pay him and other alleged class members overtime compensation as required by law. Plaintiff alleges three claims for relief: (1) violation of *Cal. Labor Code § 1194* et seq.; [*2] (2) violation of *Cal. Bus. & Prof. Code § 17200* et seq.; and (3) conversion. On November 9, 2001, defendant timely removed the action to this Court on the basis of diversity of citizenship.

On February 4, 2002, defendant filed a motion for judgment on the pleadings on plaintiff's claim for conversion. On February 25, 2002, the parties appeared before the Court for the hearing on defendant's motion for judgment on the pleadings; at that hearing, counsel for plaintiff and defendant agreed that if plaintiff's conversion claim were to be dismissed, the jurisdictional amount of $ 75,000 would no longer be satisfied and that remand to the Superior Court would be appropriate. At the February 25, 2002 hearing, plaintiff argued that the Court should first determine whether removal was appropriate inasmuch as plaintiff contended that the amount in controversy would be less than $ 75,000 even if the conversion claim remained as a claim in the case. The Court then continued the motion for judgment on the pleadings until after it considered plaintiff's motion for remand.

On March 14, 2002, plaintiff filed a motion to remand this case to the Superior Court, on the grounds that [*3] defendant has failed to demonstrate that plaintiff's claim meets the $ 75,000 amount in controversy requirement. In the same motion, plaintiff requests the imposition of sanctions against defendant and defendant's counsel for their asserted wrongful removal of this case to this Court.

## II. BACKGROUND

Defendant Party City Corporation owns and operates approximately thirty retail stores in California. Complaint ("Comp.") P 3. Plaintiff and the alleged class members currently are or previously were employed by defendant as "salaried employees," a category which includes store managers, executive assistant managers, and assistant managers. Id. P 4. Plaintiff alleges that he and the other salaried employees "were regularly scheduled as a matter of uniform company policy to work and in fact worked . . . in excess of eight hours per workday and/or in excess of forty hours per workweek without receiving straight time or overtime compensation for such overtime hours worked in violation of *California Labor Code Section 1194* and the applicable California Industrial Welfare Commission wage order[s]." Id. P 10. Plaintiff alleges that defendant's failure to pay overtime compensation [*4] resulted from its improper classification of plaintiff and the other class members as "managerial employees" (who are exempt from overtime compensation requirements), when these employees are in fact non-managerial employees (and not exempt from such requirements). Id.

Plaintiff seeks back pay, overtime pay, injunctive relief, disgorgement of business profits, waiting time penalties, interest and attorneys' fees, and punitive damages. Id. at PP 15-16. Plaintiff's claim for punitive damages is based on his claim for conversion. Id. P 27. In his complaint, plaintiff does not plead a specific dollar amount of damages.

## III. PLAINTIFF'S MOTION FOR REMAND

### A. Standard for Motion for Remand

In order to establish removal jurisdiction over a diversity action pursuant to *28 U.S.C. § 1332*, the removing defendant must demonstrate that (1) the amount in controversy exceeds $ 75,000, and (2) the suit is between citizens of different states. n1 The defendant bears the burden of establishing that removal is proper. See *Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).* As a general matter, removal jurisdiction is to be construed [*5] strictly, and any doubts as to removability should be resolved in favor of remanding the case to state court. See *Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).*

n1 The parties do not dispute diversity.

As the removing party, defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $ 75,000. *Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).* Under this

burden, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds $ 75,000. Id. The amount in controversy is determined as of the date of removal. *Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217-18 (3rd Cir. 1999).* In a case brought as a class action, only the claim of the named plaintiff is relevant for determining whether the case meets the amount-in-controversy requirement. *Gibson v. Chrysler Corp., 261 F.3d 927 (9th Cir. 2001).*

In cases in which [*6] the existence of diversity jurisdiction depends on the amount in controversy, the district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. *Singer v. State Farm Mutual Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)* (citations omitted). If the complaint is silent on the amount of damages claimed, the court may consider facts in the removed petition and may require the parties to submit evidence relevant to the amount in controversy at the time of removal. Id. A speculative argument regarding the potential value of the award is insufficient. *Id. at 376.*

### B. Application to the Instant Case

Plaintiff contends that remand is required because defendant has failed to identify any facts demonstrating that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum for this Court. Plaintiff's Memorandum of Points and Authorities in Support of Motion to Remand and Request for Sanctions ("Mot.") at 1. Plaintiff argues that defendant has submitted no evidence that plaintiff's overtime claim exceeds $ 75,000. Id. at 4. n2 In addition, plaintiff [*7] argues that defendant has failed to show by a preponderance of the evidence that plaintiff's claim for punitive damages in conjunction with his conversion claim would increase his claim to $ 75,000 or more. Id. at 4-5. Finally, plaintiff contends that to the extent defendant argues that plaintiff's claim for attorneys' fees increases the amount of his claim, (1) defendant has submitted no evidence as to the amount of fees at issue; (2) attorneys' fees recovered pursuant to *Cal. Labor Code § 1194* may not be properly included in calculating the amount in controversy in determining diversity jurisdiction; and (3) the amount of fees incurred up to the point of removal is *de minimus*. n3 Id. at 6-9.

n2 Plaintiff contends that such evidence would include the hours worked by plaintiff; plaintiff's dates of employment; and plaintiff's rate of pay. Id. at 4. In a declaration filed by defendant's counsel Martha Keon on February 11, 2002, Keon stated that plaintiff was employed by defendant for six months at an annual salary of $

28,000. Keon Dec. P 5. As a result, it does not appear that plaintiff's underlying claim for compensatory damages alone would approach $ 75,000.

[*8]

n3 Plaintiff notes that attorneys'. fees are calculated at the time of removal for purposes of diversity jurisdiction, *Faulkner v. Astro-Med, Inc.,* *1999 U.S. Dist. LEXIS 15801, 1999 WL 820198,* *4 (N.D. Cal. 1999),* and that the only work done by plaintiff's counsel prior to removal was the filing of the complaint.

In response, defendant argues that plaintiff's claim for punitive damages raises the amount in controversy to more than $ 75,000. Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Remand and Request for Sanctions ("Opp. Mot.") at 5-6. In evaluating punitive damages, the Court may only consider those sought by the named plaintiff rather than by the other members of the putative class. · *Gibson, 261* *F.3d at 945-47.* Defendant argues that numerous California court decisions and jury verdicts demonstrate that punitive damages in excess of $ 75,000 have been awarded to individual plaintiffs where the plaintiff has alleged conversion of money or personal property. Opp. Mot. at 6; see, e.g., *Leatherman Tool Group, Inc. v.* *Cooper Industries, Inc., 2002 U.S. App. LEXIS 6228,* *2002 WL 507526 (9th Cir. 2002)* [*9] (approving $ 500,000 punitive damages award for improper use of photograph of competitor's product in connection with $ 50,000 compensatory damages award); *Professional* *Seminar Consultants, Inc. v. Sino American Technology* *Exchange Council, Inc., 727 F.2d 1470 (9th Cir. 1984)* (awarding plaintiff $ 200,000 in punitive damages on the claim that defendant had converted funds received under an agreement to arrange study tour).

When asked at oral argument whether he intended to seek punitive damages, counsel for plaintiff stated that he did, but that nonetheless, any punitive damages were required to be reasonably related to compensatory damages, thereby suggesting that there was possibility that the amount in controversy could exceed $ 75,000. The Court disagrees and denies plaintiff's motion for remand by reason of the fact that a jury could reasonably be expected to return a verdict in excess of $ 75,000.

## IV. DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Having determined that the Court has jurisdiction over the instant case, the Court now turns to defendant's motion for judgment on the pleadings.

### A. Standard for Judgment on the Pleadings

A motion [*10] for judgment on the pleadings brought pursuant to *Fed. R. Civ. P. 12(c)* provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. See *McGann v. Ernst & Young, 102 F.3d* *390, 392 (9th Cir. 1996).* In considering a Rule 12(c) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. *NL* *Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986);* In Re Century 21- *Re/Max Real Estate Adver. Claims Litig.,* *882 F. Supp. 915, 921 (C.D. Cal. 1994).* For purposes of the motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial. Wright & Miller, Federal Practice and Procedure: Civil 2d § 1368.

### B. Application to the Instant Case

Defendant argues that judgment on the pleadings is warranted on two separate bases: (1) plaintiff is limited to the remedies provided by statute for failure to pay overtime [*11] wages and (2) disputed wages are not the type of property that can form the basis for a claim for conversion.

Conversion is a tort consisting of the wrongful exercise of dominion over personal property of another. 5 B.E. Witkin, Summary of California Law § 610 (9th ed. 1988). A claim for conversion properly lies where there is substantial interference with possession of the property or the right to it. Id. Property that may be the subject of a claim for conversion includes tangible personal property, intangible property represented by documents such as bonds, notes, and bills of exchange, and money, so long as a specific, identifiable sum is at issue. Id. § § 612-14.

Defendant argues that because the right to overtime pay is statutory, plaintiff is limited to the remedies provided by statute and cannot assert a claim for conversion for the same alleged wrong. Mot. at 2-3. Under California law, "when a new right has been created by statute, and a statutory remedy for its infringement is provided, the statutory remedy is exclusive and no other remedy will be allowed." 3 B.E. Witkin, California Procedure § 7 (4th ed. 1996); see, e.g., *Stevenson v. Superior Court,* *16 Cal. 4th 880, 900; 941 P.2d 1157 (1997)* [*12] ("Where a new right is created by statute, the party aggrieved by its violation is confined to the statutory remedy if one is provided . . . ."). Defendant argues that the

right to overtime pay is a right created by statute, and that the California Legislature has created an extensive remedial scheme to address overtime wage disputes. Mot. at 3; see *Cal. Labor Code §§ 98*, 98.1, 98.2, 98.3, 98.4, 203, 218.5, 225.5, 1194.

In response, plaintiff argues that the recent California Supreme Court case of *Cortez v. Purolator Air Filtration Products*, 23 Cal. 4th 163, 999 P.2d 706 (2000) establishes that his claim for overtime wages he is not limited to statutory remedies. Plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings ("Opp. Mot.") at 9. The plaintiff in Cortez brought an action against her former employer for failure to pay overtime wages. The Cortez court held that payment of wages unlawfully withheld from an employee is a restitutionary remedy authorized by *Cal. Bus. & Prof. Code § 17203*. See *id. at 177-78*. Plaintiff appears to be arguing that Cortez in some way establishes that plaintiffs are not limited to remedies [*13] established by the Labor Code. Opp. Mot. at 7-8; see also *Kraus v. Trinity Management Services*, 23 Cal. 4th 116, 999 P.2d 718 (2000) (order that a defendant disgorge money obtained through an unfair business practice prohibited by the unfair competition law may include a restitutionary element). However, the plaintiffs in Cortez and Kraus brought claims under *Cal. Bus. & Prof. Code § 17200*, a statute that had been held to enable a party to seek relief for violation of an independent statute for which there might not otherwise be a private right of action. Neither Cortez nor Kraus addressed whether the plaintiffs in those cases could have maintained a claim for conversion. Plaintiff fails to cite, and this Court was unable to find, a case in which a statutorily-based claim for nonpayment of wages has been the subject of a conversion claim.

In these circumstances, the Court finds that the statutory remedies for unpaid overtime wages bars plaintiff's claim for conversion. Plaintiff does not appear to dispute that the duty to pay overtime is a duty created by statute rather than one that existed at common law, nor

that the Labor Code provides a detailed [*14] remedial scheme for violation of its provisions. Thus plaintiff cannot assert a claim for conversion based on defendant's alleged violation of the statutory duty to pay overtime, but is limited to the remedies provided by statute. n4

> n4 In light of this holding, the Court does not reach defendant's argument that disputed wages are not the type of property that can give rise to a claim for conversion.

## V. CONCLUSION

Although plaintiff alleges claims for violation of *Cal. Labor Code § 1194* et seq., violation of *Cal. Bus. & Prof. Code § 17200* et seq., and conversion, punitive damages are only available for conversion. See *Czechowski v. Tandy Corp.*, 731 F. Supp. 406, 410 (N.D. Cal. 1990) (punitive damages not available under section 17200 of the Business and Professions Code); *Cal. Labor Code § 1194(a)* (limiting available remedies to "unpaid balance of the full amount of [] minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs [*15] of suit.") In light of the fact that plaintiff cannot advance a claim for punitive damages, it does not appear that plaintiff's damages are in excess of $ 75,000, and as a result this Court lacks jurisdiction over the instant case.

Plaintiff's motion to remand is DENIED. Plaintiff's request for sanctions is DENIED. Defendant's motion for judgment on the pleadings is GRANTED. Defendant is ordered to show cause within twenty days why the case should not be remanded to Superior Court.

IT IS SO ORDERED.

**Sofia Salvador and Jeanne Urdiano vs. PLS Check Cashers of California, Inc., et al.**

LASC No. BC 355555

## PROOF OF SERVICE

STATE OF CALIFORNIA        )
                           )   ss.
COUNTY OF LOS ANGELES      )

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 633 West Fifth Street, 21st Floor, Los Angeles, California 90071.

    On **November 27, 2006,** I served the document described as **NOTICE OF DEMURRER AND DEMURRER OF DEFENDANTS PLS CHECK CASHERS OF CALIFORNIA, INC. AND PLS FINANCIAL SERVICES, INC. TO FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action, enclosed in a sealed envelope, addressed as follows:

> Steven G. Pearl
> The Pearl Law Firm
> 16133 Ventura Boulevard, Suite 625
> Encino, CA  91436-2412
> (818) 995-8300
> (818) 995-8301

  **X**      **BY MAIL**

    Following ordinary business practices, I placed the document for collection and mailing at the offices of Holland & Knight LLP, 633 West Fifth Street, 21st Floor, Los Angeles, California 90071, in a sealed envelope.  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service, and, in the ordinary course of business, such correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

  **(STATE)**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on **November 27, 2006,** Los Angeles, California.

Lyndelle Williams

```
        L.A.S.C. - FILINGS #32
        111 N. HILL STREET
        LOS ANGELES CA 90012

DATE PAID:  11/27/06  12:37:10 PM
RECEIPT #:   CCH468587039


CIT/CASE: BC355555 LEA/DEF#:

PAYMENT:  $40.00                   0310
RECEIVED:
            CHECK:       40.00
            CASH:
            CHANGE:
            CARD:
```

```
        L.A.S.C. - FILINGS #32
        111 N. HILL STREET
        LOS ANGELES CA 90012

DATE PAID:  11/27/06  12:37:43 PM
RECEIPT #:   CCH468587040


CIT/CASE: BC355555 LEA/DEF#:

PAYMENT:  $40.00                   0310
RECEIVED:
            CHECK:       40.00
            CASH:
            CHANGE:
            CARD:
```