**EXHIBIT 8**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 2 7 2006

1  HOLLAND & KNIGHT LLP
     ROGER B. COVEN (SBN: 134389)
2    BENJAMIN S. LIN (SBN: 232735)
   633 West Fifth Street, 21st Floor
3  Los Angeles, California  90071-2040
   Telephone (213) 896-2400
4  Facsimile (213) 896-2450

5  Attorneys for Defendants PLS Check Cashers
   of California, Inc. (previously known as Azteca
6  of California, Inc.) and PLS Financial Services, Inc.

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES

10

11 SOFIA SALVADOR and JEANETTE      ) Case No. BC 355555
   URDIANO,                          )
12                                    ) Assigned to Hon. Aurelio Munoz
                    Plaintiffs,       )
13                                    ) NOTICE OF MOTION AND MOTION
          vs.                         ) OF DEFENDANTS PLS CHECK
14                                    ) CASHERS OF CALIFORNIA, INC.
   PLS CHECK CASHERS OF              ) AND PLS FINANCIAL SERVICES,
15 CALIFORNIA, INC., PLS            ) INC. TO STRIKE PORTIONS OF
   FINANCIAL SERVICES, INC.,         ) FIRST AMENDED COMPLAINT;
16 AZTECA OF CALIFORNIA, and        ) MEMORANDUM OF POINTS AND
   DOES 1 through 100, inclusive,    ) AUTHORITIES IN SUPPORT
17                                    ) THEREOF
                    Defendants.       )
18                                    ) DATE:    January 26, 2007
                                      ) TIME:    8:30 a.m.
19                                    ) DEPT:    47
20                                    )
                                      ) Trial Date:  None set
21                                    )
                                      ) [Filed concurrently with Demurrer]
22

23         PLEASE TAKE NOTICE that on January 26, 2007, at 8:30 a.m., or as soon

24 thereafter as the matter may be heard, in Department 47 of the above-entitled court

25 located at 111 N. Hill Street, Los Angeles, California, 90012, Defendants PLS CHECK

26 CASHERS OF CALIFORNIA, INC. (formerly known as Azteca of California, Inc. and

27 erroneously sued as two entities) and PLS FINANCIAL SERVICES, INC. (hereinafter

28 collectively referred to as "Defendants") will and hereby do move to strike potions of the

                                    1                SF  11/27/06
─────────────────────────────────────────────────────────
NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF FIRST AMENDED
   COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1    First Amended Complaint filed herein on or about October 24, 2006, by Plaintiffs Sofia

2    Salvador and Jeanette Urdiano (hereinafter collectively referred to as "Plaintiffs").

3         Specifically, Defendants move to strike from the First Amended Complaint all

4    references to punitive damages, including:

5         (1)    Paragraph 38 of the Complaint at page 6, lines 24-26;

6         (2)    Paragraph 45 of the Complaint at page 8, lines 1-3;

7         (3)    Paragraph 53 of the Complaint at page 9, lines 7-9;

8         (4)    Paragraph 61 of the Complaint at page 10, lines 13-15;

9         (5)    Paragraph 69 of the Complaint at page 11, lines 19-21; and

10        (6)    Prayer No. 9 of the Complaint at page 13, lines 6-8.

11        Defendants bring this motion pursuant to Code of Civil Procedure Sections 435 on

12   the grounds that the referenced portions of the Complaint are not drawn or filed in

13   conformity with the laws of the State of California.

14        Said motion will be based upon this Notice, the attached Memorandum of Points

15   and Authorities, the First Amended Complaint on file herein, the matters of which the

16   Court is requested to take judicial notice, and such oral and documentary evidence as

17   may be presented at the hearing.

18

19   Date:  November 27, 2006                HOLLAND & KNIGHT LLP

20

21                                           By: _____

22                                                Roger B. Coven

23                                           Attorneys for Defendants PLS CHECK
                                             CASHERS OF CALIFORNIA, INC.
24                                           (previously known as Azteca of California, Inc.)
                                             and PLS FINANCIAL SERVICES, INC.

25

26

27

28

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3  I.  **INTRODUCTION**

4      Defendants PLS CHECK CASHERS OF CALIFORNIA, INC. (formerly known

5  as Azteca of California, Inc. and erroneously sued as two entities) and PLS FINANCIAL

6  SERVICES, INC. (hereinafter collectively referred to as "Defendants") hereby submit

7  this motion to strike all references to punitive damages from Plaintiffs' First Amended

8  Complaint.

9      In their First Amended Complaint, Plaintiffs seek to recover punitive damages by

10 their first, second, third, fifth and sixth causes of action.  The only cause of action alleged

11 by Plaintiffs that could support a claim for punitive damages, if it were adequately pled,

12 however, is the sixth cause of action for conversion.  By their first cause of action for

13 overtime compensation and their fifth cause of action for repayment of wages, Plaintiffs

14 seek compensation allegedly due them under their contracts of employment.  By their

15 third cause of action for failure to furnish wage and hour statements, Plaintiffs seek

16 statutory penalties.  By their second cause of action for failure to provide meal and rest

17 periods, Plaintiffs seek recovery of an amount that will be characterized as either

18 compensation or penalty in a case currently pending before the California Supreme

19 Court.[1]

20      As discussed below, to the extent Plaintiffs seek compensation, their claims sound

21 in contract and cannot support punitive damages.  To the extent Plaintiffs seek penalties,

22 the recovery of punitive damages is precluded as a prohibited double recovery.

23 Accordingly, Defendants' motion to strike Plaintiffs' claims for punitive damages under

24 their first, second, third and fifth causes of action should be granted.  Moreover, as

---

25 [1]  In the Amended Order Granting Review in *Murphy v. Kenneth Cole Productions* (a copy of
26       which was attached as Exhibit B to Plaintiffs' Opposition to Defendants' initial demurrer in
         this action), the California Supreme Court defined one of the issues on review as whether the
27       statute of limitations on a claim under Section 226.7 of the Labor Code was the three-year
         statute applicable to a claim for compensation or the one-year statute applicable to a claim
28       for payment of a penalty.

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    discussed in the demurrer to the First Amended Complaint filed concurrently herewith,

2    Plaintiffs' sixth cause of action for conversion fails to state facts sufficient to constitute a

3    cause of action against these Defendants.  Accordingly, Defendants' motion to strike

4    Plaintiffs' claims for punitive damages from their First Amended Complaint should be

5    granted in its entirety.

6

7    **II.    ARGUMENT**

8            **A.    Plaintiffs Cannot Recover Punitive Damages On Claims For Employee**

9                   **Compensation Because Such Claims Sound In Contract, Not In Tort.**

10                  It is well established that punitive damages cannot be awarded based on any cause

11   of action that sounds in contract, rather than tort.  "An award of punitive damages is not

12   supported by a verdict based on breach of contract, even where the defendant's conduct in

13   breaching the contract was wilful, fraudulent, or malicious." *Myers Building Industries,*

14   *Ltd. v. Interface Technology, Inc.*, 13 Cal.App.4th 949, 960, 17 Cal.Rptr.2d 242 (1993).

15   With respect to each cause of action alleged by plaintiffs that is contractual in nature,

16   therefore, any request for punitive damages would not be drawn in conformity with the

17   law of California and should be stricken.

18                  Under California law, claims that seek compensation owed by an employer to an

19   employee are contractual claims. *See Foley v. Interactive Data Corp.*, 47 Cal.3d 654,

20   671-82, 254 Cal.Rptr. 211, 765 P.2d 373 (1988) (discussing a claim for "Breach of

21   Employment Contract" and allegations of an implied contract term regarding

22   termination).  As one court noted, "the word 'employ' implies the making of a contract."

23   *Holtzendorff v. Housing Authority*, 250 Cal.App.2d 596, 605, 58 Cal.Rptr. 886 (1967).

24   Moreover, the California Supreme Court explained long ago that the contract of

25   employment incorporates into it the wage and hour requirements of California law.

26              The contract of employment must be held to have been made
            in the light of, and to have incorporated, the provisions of
27          existing law. . . .  Hence, upon violation of the section, an
            employee has a right of action for damages for beach of his
28          employment contract.

                                            2

1  *Lockheed Aircraft Corp. v. Superior Court*, 28 Cal.2d 481, 486 (1946) (citations

2  omitted).[2]  Accordingly, the requirements of the Labor Code and any wage orders or

3  regulations applicable to the wages to which an employee is entitled are incorporated into

4  the employee's contract of employment – whether that contract has been reduced to

5  writing or not.  *See, e.g., Anders v. State Board of Equalization*, 82 Cal.App.2d 88, 94

6  (1947) ("The minimum wages of employees fixed by law, are deemed to be part of the

7  contract of employment.").

8          Accordingly, to the extent that plaintiffs seek to recover compensation allegedly

9  due to them as employees of Defendants, their claims sound in contract and ***cannot***, as a

10  matter of law, support any claim for punitive damages.

11      **B.      Plaintiffs Cannot Recover Punitive Damages On Claims For Statutory**

12              **Penalties.**

13          Also as a matter of law, claims for statutory penalties cannot support any award of

14  punitive damages.  To the extent Plaintiffs seek penalties, the recovery of punitive

15  damages is precluded as a prohibited double recovery.

16          Where a statute creates new rights and obligations not
                previously existing in the common law, the express statutory
17              remedy is deemed to be the exclusive remedy available for
                statutory violations, unless it is inadequate. . . . ***[P]laintiff***
18          ***cannot recover both punitive damages and statutory***
                ***penalties***, as this would constitute a prohibited double penalty
19              for the same act. . . .  A plaintiff who relies solely on a cause
                of action for a statutory violation may be deemed to have
20              waived punitive damages.

21  *De Anza Santa Cruz Mobile Estates Homeowners Ass'n v. De Anza Santa Cruz Mobile*

22  *Estates*, 94 Cal.App.4th 890, 912-913, 114 Cal.Rptr.2d 708 (2001) (citations omitted;

23  emphasis added); *accord, Turnbull & Turnbull, etc. v. ARA Transportation, Inc.*, 219

24  Cal.App.3d 811, 826-27 (1990) (plaintiff cannot obtain both statutory penalty and

25  punitive damages); *Baker v. Ramirez*, 190 Cal.App.3d 1123, 1138, 235 Cal.Rptr. 867

26  (1987) (statutory penalties and punitive damages cannot both be awarded); *Troensegaard*

27  [2]   The section referred to by the court was Section 1101 of the Labor Code which prohibits
        employers from interfering with certain of their employees' political activities.

28

3

1  *v. Silvercrest Industries, Inc.*, 175 Cal.App.3d 218, 226-28 220 Cal.Rptr. 712 (1985) (by

2  seeking civil penalty, plaintiff elected to waive punitive damages).

3      Accordingly, for any cause of action in which plaintiffs seek to recover penalties

4  provided by statute, plaintiffs cannot also seek to recover punitive damages.  In any such

5  cause of action, plaintiffs must be deemed to have waived punitive damages and their

6  request for recovery of punitive damages should be stricken.

7      **C.    Plaintiffs' Allegations Regarding Punitive Damages Should Be Stricken**

8              **From The First Amended Complaint.**

9          **1.    Plaintiffs cannot recover punitive damages by their first cause of**

10                 **action for failure to pay overtime compensation.**

11     In their first cause of action, Plaintiffs seek to recover overtime compensation to

12  which they claim to be entitled under their alleged employment relationship with

13  Defendants.  First Amended Complaint, at 5-6.  As discussed above, the relationship of

14  employment that Plaintiffs allege to have existed with Defendants was contractual in

15  nature.  Accordingly, the compensation that Plaintiffs seek to recover by their first cause

16  of action are payments to which they claim entitlement under their alleged contracts of

17  employment with Defendants.  Essentially, Plaintiffs allege that Defendants breached

18  their contracts of employment by not paying overtime compensation, and Plaintiffs seek

19  the recovery of those contract damages in this case.

20      Because plaintiffs' first cause of action sounds in contract rather than tort, it cannot

21  support an award of punitive damages.  Accordingly, the allegations concerning punitive

22  damages in paragraph 38 should be stricken from the First Amended Complaint.

23          **2.    Plaintiffs cannot recover punitive damages by their second cause**

24                 **of action for failure to provide meal and rest periods.**

25     By their second cause of action, Plaintiffs allege that they were denied meal and

26  rest periods and seek to recover "their rightfully earned compensation for meal and rest

27  periods" pursuant to Labor Code Section 226.7(b).  First Amended Complaint, at 7.[3]  As

28  _____

[3]   Plaintiffs cite to Labor Code section 276.7(b), but clearly this is a typographical error

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   in the first cause of action, therefore, Plaintiffs seek to recover compensation to which

2   they claim entitlement under their contracts of employment with Defendants.

3   Accordingly, their second cause of action sounds in contract and will not support an

4   award of punitive damages. *Myers Building Industries, Ltd. v. Interface Technology,*

5   *Inc.*, 13 Cal.App.4th 949, 960, 17 Cal.Rptr.2d 242 (1993). The allegations concerning

6   punitive damages in paragraph 45 should be stricken from the First Amended

7   Complaint.[4]

8       3.   **Plaintiffs cannot recover punitive damages by their third cause**

9          **of action for failure to furnish wage and hour statements.**

10       In their third cause of action, Plaintiffs allege that Defendants failed to provide

11   wage and hour statements and that Defendants "are liable for actual damages, statutory

12   damages and/or statutory penalties pursuant to Labor Code section 226." First Amended

13   Complaint, at 9. Plaintiffs do not allege, however, that they suffered any actual damages

14   as a result of the alleged failure. In fact, in their prayer for relief, Plaintiffs seek only

15   statutory penalties, and no damages, pursuant to section 226. First Amended Complaint,

16   at 12 (Prayer No. 2). Accordingly, the relief sought by Plaintiffs in the third cause of

17   action is for "statutory penalties."

18       As discussed above, since Plaintiffs seek to recover statutory penalties by their

19   third cause of action, they cannot recover punitive damages as well. Accordingly, the

20   allegations concerning punitive damages in paragraph 53 should be stricken from the

21   First Amended Complaint.

22

23

24

25   intended to reference section 226.7(b).

26   [4] Alternatively, as also discussed above, if the amounts provided by Labor Code § 226.7 were
     deemed to be penalties rather than compensation, such penalties would constitute Plaintiffs'
     sole remedy and punitive damages would not be allowed. *De Anza Santa Cruz Mobile*
27   *Estates Homeowners Ass'n v. De Anza Santa Cruz Mobile Estates*, 94 Cal.App.4th 890, 912-
     913, 114 Cal.Rptr.2d 708 (2001).

28

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**4.**     <u>Plaintiffs cannot recover punitive damages by their fifth cause of action for repayment of wages.</u>

In their fifth cause of action, Plaintiffs claim that they were forced to repay a portion of the wages they earned to Defendants, and seek to recover "their lawfully earned wages." First Amended Complaint, at 10. As was the case in the first and second causes of action, Plaintiffs seek to recover wages to which they claim entitlement under their contracts of employment with Defendants. Accordingly, their fifth cause of action sounds in contract rather then tort and will not support an award of punitive damages. *Myers Building Industries, Ltd. v. Interface Technology, Inc.*, 13 Cal.App.4th 949, 960, 17 Cal.Rptr.2d 242 (1993). The allegations concerning punitive damages in paragraph 61 should be stricken from the First Amended Complaint.

**5.**     <u>Plaintiffs' prayer for the recovery of punitive damages should be stricken if the demurrer to the sixth cause of action is granted.</u>

By demurrer filed concurrently with this motion, Defendants seek the dismissal of Plaintiffs' sixth cause of action for conversion. As discussed above, no other cause of action alleged in the Complaint could support a request for punitive damages. Accordingly, if the sixth cause of action for conversion is dismissed, the court should also strike Plaintiffs' request for punitive damages in their Prayer No. 9.

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

III.   **CONCLUSION**

For all of the reasons discussed above, Defendants respectfully requests this honorable Court to grant their motion in its entirety and to strike portions of the First Amended Complaint as discussed above.

Date:  November 27, 2006

HOLLAND & KNIGHT LLP

By: _____
         Roger B. Coven

Attorneys for Defendants PLS CHECK CASHERS OF CALIFORNIA, INC. (previously known as Azteca of California, Inc.) and PLS FINANCIAL SERVICES, INC.

# 4178633_v1

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**Sofia Salvador and Jeanne Urdiano vs. PLS Check Cashers of California, Inc., et al.**
LASC No. BC 355555

## PROOF OF SERVICE

| | |
|---|---|
| STATE OF CALIFORNIA | ) |
| | )  ss. |
| COUNTY OF LOS ANGELES | ) |

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 633 West Fifth Street, 21st Floor, Los Angeles, California 90071.

On **November 27, 2006**, I served the document described as **NOTICE OF MOTION AND MOTION OF DEFENDANTS PLS CHECK CASHERS OF CALIFORNIA, INC. AND PLS FINANCIAL SERVICES, INC. TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action, enclosed in a sealed envelope, addressed as follows:

> Steven G. Pearl
> The Pearl Law Firm
> 16133 Ventura Boulevard, Suite 625
> Encino, CA  91436-2412
> (818) 995-8300
> (818) 995-8301

**X**       **BY MAIL**

Following ordinary business practices, I placed the document for  collection and mailing at the offices of Holland & Knight LLP, 633 West Fifth Street, 21st Floor, Los Angeles, California 90071, in a sealed envelope.  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service, and, in the ordinary course of business, such correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

**(STATE)**       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **November 27, 2006**, Los Angeles, California.

Lyndelle Williams

**EXHIBIT 9**

1   STEVEN G. PEARL (CA BAR NO. 163381)
    THE PEARL LAW FIRM
2   A PROFESSIONAL CORPORATION
    16133 VENTURA BOULEVARD, SUITE 625
3   ENCINO, CALIFORNIA 91436-2412
    PHONE:      818/ 995-8300
4   FAX:        818/ 995-8301

5   ATTORNEYS FOR PLAINTIFFS
    SOFIA SALVADOR AND JEANETTE URDIANO,
6   INDIVIDUALLY AND ON BEHALF OF
    ALL OTHERS SIMILARLY SITUATED

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF LOS ANGELES

11                        CENTRAL DISTRICT

12

13

14   SOFIA SALVADOR AND JEANETTE          )   CASE NO.  BC355555
     URDIANO, Individually and on Behalf of )
15   All Others Similarly Situated,        )   HON. AURELIO MUNOZ
                                           )   DEPT. 47
16          Plaintiffs,                    )
                                           )   PLAINTIFFS' OPPOSITION TO
17          v.                             )   DEFENDANTS' DEMURRER
                                           )
18   PLS CHECK CASHERS OF CALIFORNIA,)
     INC., PLS FINANCIAL SERVICES, INC.,  )   Date:  January 26, 2007
19   AZTECA OF CALIFORNIA, AND DOES 1 )      Time:  8:30 a.m.
     THROUGH 100, INCLUSIVE,              )   Dept:  47
20                                         )
            Defendants.                     )
21                                         )
                                           )
22                                         )

23

24

25

26

27

28

THE PEARL LAW FIRM

5  4|12|07

PLAINTIFFS' OPPOSITION TO DEFENDANTS' DEMURRER

# I.    **INTRODUCTION.**

Plaintiffs Sofia Salvador and Jeannette Urdiano, individually and on behalf of all others similarly situated ("Plaintiffs") hereby oppose the demurrer filed by defendants PLS Check Cashers of California, Inc., and PLS Financial Services, Inc. ("Defendants") to Plaintiffs' First Amended Class Action Complaint (the "FAC"). Plaintiffs respectfully request that the Court overrule Defendants' demurrer and order Defendants to answer the FAC without further delay.

Defendants base their demurrer on an overly-technical argument that Plaintiffs' pre-litigation demand letter was worded incorrectly and therefor is not really a pre-litigation demand letter. Defendants' argument ignores reality and elevates form over function.

Even if the Court believes that Plaintiffs' pre-litigation demand was not worded correctly, the Court should note Plaintiffs' allegation that Defendants "routinely require the Class Members to repay the Class Members' lawfully earned wages to Defendants for Defendants' alleged business losses." FAC ¶ 17; see also FAC ¶ 59. The FAC thus does not merely allege that Defendants failed to pay the Class Members what they were owed. Rather, it alleges that Defendants forced the Class Members to repay to Defendants that which they had already been paid. As a result, Plaintiffs need not allege a pre-litigation demand, even though they have done so here.

Finally, to the extent that the Court believes that Plaintiffs should allege Defendants' repayment scheme with greater specificity, Plaintiffs can and will allege the following: Defendants operate a check cashing business and employ the Class Members as cashiers. Defendants routinely required Class Members to repay Defendants for cash register shortages and bounced checks. When the amount was greater than $100.00, Defendants forced Class Members to execute promissory notes and repay these "employee debts" over time. Defendants thus "routinely require the Class Members to repay the Class Members' lawfully earned wages to Defendants for Defendants' alleged business losses." FAC ¶ 17; see also FAC ¶ 59.

# II.   **PLAINTIFF'S CAUSE OF ACTION FOR CONVERSION STATES SUFFICIENT FACTS, AND THE COURT SHOULD OVERRULE THE DEMURRER.**

Conversion is the wrongful exercise of dominion over the property of another. <u>Farmers Insurance Exchange v. Zerrin</u> (1997) 53 Cal.App.4th 445, 451. The elements of a conversion are (1)

1

THE PEARL LAW FIRM

1  plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's

2  conversion by a wrongful act or disposition of property rights; and (3) damages. <u>Ibid.</u> Plaintiff has

3  properly alleged each of the elements of conversion.

4       **A.**    **<u>Earned Wages Are the Employee's Property.</u>**

5         The California Supreme Court has expressly held that unpaid overtime wages are a "property"

6  right held by employees. <u>Cortez v. Purolator Air Filtration Products Co.</u> (2000) 23 Cal.4th 163, 178.

7  In <u>Cortez</u>, the Supreme Court concluded:

8            **[E]arned wages that are due and payable pursuant to section 200 et seq. of the**

9            **Labor Code are as much the property of the employee who has given his or her**

10            **labor to the employer in exchange for that property as is property a person**

11            **surrenders through an unfair business practice.**

12  <u>Id.</u> An employee's right to receive wages "vests" when the labor is performed. <u>Suastez v. Plastic Dress-</u>

13  <u>Up Co.</u> (1982) 31 Cal.3d 774. Thus, an employer illegally "converts" wages due the employee when

14  it fails to pay overtime wages due on the next payday after the overtime work was performed. Cal. Labor

15  Code § 204.

16         Indeed, California law specifically recognizes wages as a proper subject of a conversion action.

17  In <u>Department of Industrial Relations, Division of Labor Standards Enforcement (DLSE) v. UI Video</u>

18  <u>Stores, Inc.</u> (1997) 55 Cal.App.4th 1084, 1095-1096, the Court of Appeal held that a conversion cause

19  of action was properly maintained against defendant employer to recover wages illegally withheld by

20  the defendant from its employees. The conversion claim was based on the defendant's refusal to release

21  funds from its bank account to honor undelivered wage checks, thereby preventing the DLSE from

22  collecting the funds represented by the checks. <u>Id.</u> at 1088.

23         Not surprisingly, California law also recognizes that "theft of labor" is as much a crime as theft

24  of anything else of value. California Labor Code Section 1199 provides that it is a misdemeanor to

25  require or cause any employee to work for longer hours than those fixed, or under conditions of labor

26  prohibited by an order of the commission; to pay or cause to be paid a wage less than the minimum fixed

27  by an order of the commission; or to violate or refuse or neglect to comply with any provision of this

28  chapter or any order or ruling of the commission. Even Labor Code violations that some may consider

THE PEARL LAW FIRM

2

1   minor, such as failure to provide timely and accurate wage and hour statements, constitutes criminal

2   conduct under the Labor Code. See, e.g., Cal. Labor Code § 226.6 (knowing and intentional violation

3   of Labor Code Section 226 constitutes misdemeanor).  Since theft can provide the basis for a civil

4   conversion claim – and our legislature has seen fit to criminalize theft of labor – Plaintiffs should be

5   allowed to maintain their conversion claim.

6          The FAC here alleges that "Defendants had and continue to have a legal obligation imposed by

7   statute to pay to the Class Members, including Plaintiffs, all overtime wages and other compensation

8   due.  Such wages and compensation belonged to the Class Members, including Plaintiffs, at the time the

9   labor and services were provided to Defendants, and accordingly such wages and compensation are the

10  property of the Class Members, including Plaintiffs." FAC at ¶ 65.  Not only did Defendants refuse to

11  pay wages when due, they forced the Class Members to repay Defendants for Defendants own business

12  losses. FAC ¶ 17. The FAC alleges further that "Defendants converted such wages and compensation

13  as part of an intentional and deliberate scheme to maximize profits at the expense of the Class Members,

14  including Plaintiffs."  FAC at ¶ 66.  Finally, the FAC alleges that Plaintiff and the putative class have

15  been injured by Defendants' conversion of such wages and compensation.  FAC at ¶ 67.

16      **B.**     **The Amount of Unpaid Compensation Owed to Plaintiffs Is a Specific, Identifiable**

17             **Sum.**

18          Contrary to defendant's demurrer, a violation of the duty to furnish monies constitutes a basis

19  for a cause of action for conversion.  Haigler v. Donnelly (1941) 18 Cal.2d 674, 681; Shahood v. Cavin

20  (1957) 154 Cal.App.2d 745, 748.  To state a cause of action for conversion on the basis of a failure to

21  furnish owed compensation, it is not necessary that any particular sum be identified.  Weiss v. Marcus

22  (1975) 51 Cal.App.3d 590, 599.  It is sufficient if a specific sum "capable of identification" is involved.

23  Software Design & Application, Ltd. V. Hoefer & Arnett, Inc. (1996) 49 Cal.App.4th 472.

24          Here, the wages illegally converted by Defendants -- both those that Defendants refused to pay

25  and those that they required the Class Members to repay -- are capable of being identified, through the

26  testimony of the Class Members and Defendants' own documents.  See Hernandez v. Mendoza (1988)

27  199 Cal.App.3d 721 (where employer fails to keep accurate records of overtime hours worked, employee

28  may present reasonable evidence of hours worked, which employer will then bear burden of disproving).

THE PEARL LAW FIRM

3

1   Defendants are required by law to maintain payroll and personnel records which will provide the

2   necessary information as to the number and identity of class members, their dates of employ, their rates

3   of pay, and the amounts Defendants forced them to repay.

4       The FAC properly alleges that by failing to pay wages when they were properly due, and by

5   requiring the Class Members to repay wages to Defendants, Defendants wrongfully exercised dominion

6   over Plaintiffs' property.

7      **C.**    **Plaintiffs' Remedies Under the Labor Code Are Cumulative and Cannot Supersede**

8            **Their Common Law Right to Plead Conversion.**

9       Defendants argue that Plaintiffs' rights under the Labor Code supersede their common law right

10  to allege the tort of conversion. Defendants raise the argument rejected by the California Supreme Court

11  in Rojo v. Kliger (1990) 52 Cal.3d 65, 82, which held that the comprehensive statutory scheme of

12  California's Fair Employment and Housing Act ("FEHA") does not bar plaintiffs from alleging common

13  law torts relating to employment discrimination.

14      The general rule of "new right-exclusive remedy" provides that "where a statute creates a right

15  that did not exist at common law and provides a comprehensive and detailed remedial scheme for its

16  enforcement, the statutory remedy is exclusive." Rojo, supra, at 79. However, this exclusivity rule will

17  not be applied to bar common law claims **unless it appears that the Legislature intended to cover the**

18  **entire subject.** Id. at 80 (emphasis added). Noting that the purpose of FEHA was to expand rights and

19  remedies, not limit them, the Rojo Court held that "[u]nder the act, plaintiffs are free to seek relief for

20  injuries arising from discrimination in employment under any state law, without limitation". Id. at 82.

21      The right to overtime wages is a statutory right that did not exist at common law. However, there

22  is no indication whatsoever that the Legislature intended to create an "exclusive" remedial scheme for

23  recovery of overtime wages, meal or rest period compensation, or any other statutorily-mandated

24  compensation. In fact, similar to FEHA, in enacting new laws permitting employees to bring civil

25  actions for recovery of overtime or minimum wages, and providing for recovery of attorneys' fees and

26  costs in the civil action, the Legislature has shown a clear intent to expand employee rights and

27  remedies, not restrict them. See Labor Code section 1194(a). When a statute recognizes a cause of

28  action for a violation of a right, all forms of relief granted to civil litigants generally, including

4

1  appropriate punitive damages, are available unless a contrary legislative intent appears. <u>Commodore</u>

2  <u>Home Systems, Inc. v. Superior Court</u> (1982) 32 Cal.3d 211, 215. Further, where a statutory penalty is

3  imposed for a wrongful act, it does not preclude recovery of punitive damages in a tort action where the

4  necessary malice or oppression is shown. <u>Greenberg v. Western Turf Assn.</u> (1903) 140 Cal. 357, 363.

5      When interpreting California's wage and hour laws, courts have been instructed to apply either

6  federal or State law, whichever is most favorable to the employee. <u>Ramirez v. Yosemite Water Co.</u>

7  (1999) 20 Cal.4th 785. This clearly demonstrates an intent to expand protections for employees, not to

8  displace all existing or alternative remedies.  California's statutory wage and hour remedies are

9  cumulative in nature, and are not intended to provide the sole and exclusive remedies for an employer's

10  failure to pay mandated wages.

11      Courts have repeatedly extended remedies for an employer's failure to pay mandated wages

12  beyond Labor Code remedies.  In <u>Cortez v. Purolator Air Filtration Products Co.</u> (2000) 23 Cal.4th 163,

13  178-179, the California Supreme Court found that an employer's failure to pay overtime wages pursuant

14  to Labor Code Sections 203 and 1194(a) also constituted a violation of Bus. & Prof. Code Section 17200

15  et seq. The Court held that employees are entitled to recover overtime wages, characterized by the court

16  as a "property right," as a form of restitution.  The Court did not find that recovery under the Labor Code

17  precluded recovery under the UCL.

18      When the Legislature intends to prohibit additional remedies other than those specified, they do

19  so explicitly, as in the case of Labor Code section 3602 (workers' compensation exclusivity bar). <u>Rojo,</u>

20  <u>supra,</u> at 75 (had the Legislature intended to abrogate an employee's common law remedies for injuries

21  related to employment discrimination by enacting FEHA, it plainly knew how to do so, as it did in the

22  workers' compensation exclusive remedy statutes).  There are no such exclusive remedy statutes or

23  language in California's labor laws governing the payment of overtime wages.  Thus, the Court cannot

24  presume that the Legislature intended to provide an exclusive remedial scheme governing all potential

25  common law or statutory claims that might arise relating to an employer's failure to pay overtime and

26  other wages.  Plaintiffs' conversion claims do not fall under any "new right-exclusive remedy" rule, and

27  the Court should overrule Defendant's demurrer.

28  ///

THE PEARL LAW FIRM

5

PLAINTIFFS' OPPOSITION TO DEFENDANTS' DEMURRER

**D.    PLAINTIFFS' PRE-LITIGATION DEMAND WAS A PRE-LITIGATION DEMAND.**

This Court should not allow Defendants to argue that they somehow failed to understand that Plaintiffs' pre-litigation demand letter was exactly that: a pre-litigation demand.

The letter states in detail the factual background of Plaintiffs' employment and Defendants' wage law violations. It states clearly that Plaintiffs "and the other cashier employees are entitled to recover" unpaid compensation, penalties, punitive damages, attorney fees and costs. It states that in any resolution of these claims, Defendants "would be required to pay the putative class members their unpaid compensation and penalties ...." Finally, it states that if a resolution is not reached, Plaintiffs would file a class action law suit.

This is a pre-litigation demand for payment of the amounts owed. It says, in essence, "If you do not pay the amounts owed, Plaintiffs will file a law suit against you." Any reasonable person receiving such a letter would understand it as a demand. Of course, the letter also includes an offer to negotiate a settlement of the dispute. In the real world, a demand is the first step in the negotiation process, and one would expect to see an offer to negotiate in a pre-litigation demand letter. To rule that plaintiffs may not include offers to negotiate in their pre-litigation demand letters would stand California law on its head and ignore public policy in favor of informal resolutions.

Finally, Defendants argue that this is not a pre-litigation demand because it does not state the exact amount owed. It is difficult to imagine a situation in which a pre-litigation demand in a class action could state the exact amount owed, and there is no requirement that Plaintiffs do so here. In a class action many of the underlying facts required to calculate the amounts owed, such as the number of class members, is known only by the defendant, and defendants do not provide such information until compelled to do so in litigation. If Defendants have their way, no pre-litigation demand in a class action would ever be sufficient because no such demand could state the exact amount owed. This may suit Defendants' litigation strategy, but it is not the law.

///
///
///

THE PEARL LAW FIRM

6

## III.   IN CASE THE COURT SUSTAINS ANY PORTION OF THE DEMURRER, PLAINTIFFS REQUEST LEAVE TO AMEND.

If for any reason the Court believes that the Demurrer should be sustained, Martinez respectfully requests leave to amend to cure any fault that the Court may find in the FAC. "When a demurrer is sustained, the court may grant leave to amend the pleading upon any terms as may be just and shall fix the time within which the amendment or amended pleading shall be filed." Cal. Code. Civ. Proc. § 472a(c). "In the case of either a demurrer or a motion for judgment on the pleadings, leave to amend should be granted if there is any reasonable possibility that the plaintiff can state a good cause of action." <u>Virginia G. v. ABC Unified School Dist.</u> (1993) 15 Cal.App.4th 1848. "Generally it is an abuse of discretion to sustain a demurrer without leave to amend if there is any reasonable possibility that the defect can be cured by amendment." <u>Goodman v. Kennedy</u> (1976) 18 Cal.3d 335.

DATED: January 12, 2007

The Pearl Law Firm
A Professional Corporation

By: Steven G. Pearl
Attorneys for Plaintiffs
Sofia Salvador and Jeanette Urdiano,
Individually And on Behalf of All Others Similarly Situated

THE PEARL LAW FIRM

7

## PROOF OF SERVICE

I, Nikki Safavi, declare:

I am a resident of the State of California and over the age of 18 years, and not a party to this action. My business address is 16133 Ventura Boulevard, Suite 625, Encino, California 91436-2412. On January 12, 2007, I served the following document(s):

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' DEMURRER

☐    by transmitting the document(s) listed above via facsimile to the person(s) at the fax number(s) listed below on this date before 5:00 p.m.;

**X**    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Encino, California, addressed as listed below;

☐    by causing personal delivery of the document(s) listed above to the person(s) at the address(es) listed below;

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) listed below;

☐    by placing the document(s) listed above in a sealed envelope with delivery charges thereon fully prepaid, with Federal Express at Encino, California, addressed as listed below;

Roger B. Coven, Esq.
Holland & Knight LLP
633 W. Fifth Street, 21st Floor
Los Angeles, CA 90071-2400

I am readily familiar with this firm's practice of collecting and processing correspondence for mailing. Under that practice, mail is deposited in the United States Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing set forth above.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 12, 2007, at Encino, California.

Nikki Safavi

**EXHIBIT 10**

1   STEVEN G. PEARL (CA BAR NO. 163381)
    THE PEARL LAW FIRM
2   A PROFESSIONAL CORPORATION
    16133 VENTURA BOULEVARD, SUITE 625
3   ENCINO, CALIFORNIA 91436-2412
    PHONE:      818/ 995-8300
4   FAX:        818/ 995-8301

5   ATTORNEYS FOR PLAINTIFFS
    SOFIA SALVADOR AND JEANETTE URDIANO,
6   INDIVIDUALLY AND ON BEHALF OF
    ALL OTHERS SIMILARLY SITUATED

7

8

9                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                            COUNTY OF LOS ANGELES

11                               CENTRAL DISTRICT

12

13

14   SOFIA SALVADOR AND JEANETTE        )   CASE NO.  BC355555
     URDIANO, Individually and on Behalf of )
15   All Others Similarly Situated,      )   HON. AURELIO MUNOZ
                                         )   DEPT. 47
16          Plaintiffs,                  )
                                         )   PLAINTIFFS' OPPOSITION TO
17          v.                           )   DEFENDANTS' MOTION TO STRIKE;
                                         )   DECLARATION OF STEVEN G. PEARL IN
18   PLS CHECK CASHERS OF CALIFORNIA,)       SUPPORT
     INC., PLS FINANCIAL SERVICES, INC.,)
19   AZTECA OF CALIFORNIA, AND DOES 1 )       Date:   January 26, 2007
     THROUGH 100, INCLUSIVE,           )      Time:   8:30 a.m.
20                                      )      Dept:   47
            Defendants.                 )
21                                      )
                                        )
22                                      )

23

24

25

26

27

28

                                    s   1/12/07

──────────────────────────────────────────────
        PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

THE PEARL LAW FIRM

1      Plaintiffs Sofia Salvador and Jeannette Urdiano, individually and on behalf of all others similarly

2  situated ("Plaintiffs") hereby oppose the motion of defendants PLS Check Cashers of California, Inc.,

3  and PLS Financial Services, Inc. ("Defendants") to strike portions of Plaintiffs' First Amended Class

4  Action Complaint (the "FAC"). Plaintiffs respectfully request that the Court deny the motion and order

5  Defendants to answer the complaint without further delay.

6      Defendants' motion to strike is based almost entirely on the fiction that refusing to pay an

7  employee his wages – and requiring the employee to repay those wages to cover the employer's alleged

8  business losses – is nothing more than an ordinary breach of contract for which punitive damages are

9  not available. Defendants ignore the fact that requiring employers to make prompt and full payment of

10  wages to the people who depend on them – not to mention allowing employees to keep their wages once

11  paid to them – is a vital, fundamental public policy in California, and the violation of that policy can

12  result in both criminal penalties and punitive damages.

13      In essence, Defendants argue that there is nothing so despicable about the theft of labor alleged

14  here that would allow for an award of punitive damages. Defendants are wrong, and the Court should

15  deny their motion to strike.

16      Finally, to the extent that the Court believes that Plaintiffs' should allege Defendants' repayment

17  scheme with greater specificity, Plaintiffs can and will allege the following: Defendants operate a check

18  cashing business and employ the Class Members as cashiers. Defendants routinely required Class

19  Members to repay Defendants for cash register shortages and bounced checks. When the amount was

20  greater than $100.00, Defendants forced Class Members to execute promissory notes and repay these

21  "employee debts" over time. Defendants thus "routinely require the Class Members to repay the Class

22  Members' lawfully earned wages to Defendants for Defendants' alleged business losses." FAC ¶ 17;

23  see also FAC ¶ 59.

24  I.    **THE WAGE AND HOUR VIOLATIONS ALLEGED ARE NOT MERE BREACHES OF**

25        **CONTRACT; FAILURE TO PAY WAGES VIOLATES FUNDAMENTAL PUBLIC**

26        **POLICIES.**

27      Under California law, prompt and full payment of wages is a vital and fundamental public policy.

28  Violation of this public policy – theft of labor – can lead to criminal as well as civil penalties. The

THE PEARL LAW FIRM

1

1  allegations here, when proven true at trial, will support a verdict for punitive damages.

2        **A.**     **Prompt and Full Payment of Wages Is a Vital and Fundamental Public Policy.**

3       In <u>Pressler v. Donald J. Bren Co.</u> (1982) 32 Cal.3d 831, the California Supreme Court explained

4  that prompt and full payment of wages is a fundamental public policy under California law.

5       **[W]ages are not ordinary debts.... [Because] of the economic position of the average**

6       **worker, and in particular, his dependence on wages for the necessities of life for**

7       **himself and his family, it is essential to the public welfare that he receive his pay**

8       **promptly.**

9  <u>Pressler</u>, <u>supra</u>, 32 Cal.3d at 837 (emphasis added).  <u>See also</u> <u>Earley v. Superior Court</u> (2nd Dist. 2000)

10  79 Cal.App.4th 1420, 1430, ("Entitlement to overtime compensation, on the other hand, is mandated by

11  statute and is based on an important public policy.")

12       Thus, California law provides that an employer who terminates an employee for complaining

13  about unlawful payment practices is guilty of the tort of wrongful termination in violation of public

14  policy.  In <u>Gould v. Maryland Sound Industries, Inc.</u> (1995) 31 Cal.App.4th 1137, 1148, the Second

15  District Court of Appeal stated: "we conclude if MSI discharged Gould in order to avoid paying him the

16  commissions, vacation pay, and other amounts he had earned, **it violated a fundamental public policy**

17  **of this state.**"   (Emphasis added).   <u>See also</u> <u>Phillips v. Gemini Moving Specialists</u> (1998) 63

18  Cal.App.4th 563, 570-571 (discussing Labor Code's broad sanctions against employers who improperly

19  withhold wages and concluding that prompt and complete payment of wages is a fundamental public

20  policy).

21       **B.**     **Theft of Labor Is a Crime.**

22  California Labor Code Section 1199 provides:

23       Every employer or other person acting either individually or as an officer, agent,

24  or employee of another person is guilty of a misdemeanor and is punishable by a fine of

25  not less than one hundred dollars ($100) or by imprisonment for not less than 30 days,

26  or by both, who does any of the following:

27       (a)  Requires or causes any employee to work for longer hours than those fixed,

28  or under conditions of labor prohibited by an order of the commission.

THE PEARL LAW FIRM

2

1        (b)  Pays or causes to be paid to any employee a wage less than the minimum

2      fixed by an order of the commission.

3        (c)  Violates or refuses or neglects to comply with any provision of this chapter

4      or any order or ruling of the commission.

5   Cal. Labor Code § 1199.

6       Even Labor Code violations that some may consider more minor, such as failure to provide

7   timely and accurate wage and hour statements, is criminal conduct under the Labor Code.

8       Any employer who knowingly and intentionally violates the provisions of Section 226

9      [Itemized statement to employees] or 226.2, or any officer, agent, employee, fiduciary,

10      or other person who has the control, receipt, custody, or disposal of, or pays, the wages

11      due any employee, and who knowingly and intentionally participates or aids in the

12      violation of any provision of Section 226 or 226.2 is guilty of a misdemeanor and, upon

13      conviction thereof, shall be fined not more than one thousand dollars ($ 1,000) or be

14      imprisoned not to exceed one year, or both, at the discretion of the court. That fine or

15      imprisonment, or both, shall be in addition to any other penalty provided by law.

16   Cal. Labor Code § 226.6.

17       Defendants' ask the question, "What's so bad about theft of labor?" The answer is clear. Theft

18   of labor is a crime and it violates California's fundamental and vital public policy requiring prompt and

19   full payment of earned wages.

20      **C.**    **The FAC Alleges Theft of Labor.**

21       The First, Second, and Third Causes of Action allege specifically and in detail that Defendants

22   "required the Class Members, including Plaintiffs, to work for longer hours than those fixed, or under

23   conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders."

24   FAC ¶¶ 34, 43, 50. As stated above, every employer who engages in such conduct is guilty of a

25   misdemeanor. Cal. Labor Code § 1199. The FAC thus alleges not just breach of an ordinary contract,

26   but criminal behavior punishable by fines and imprisonment. Such behavior, when proven, certainly

27   justifies imposition of punitive damages.

28   ///

THE PEARL LAW FIRM

3

1   Further, the Third Cause of Action alleges that Defendants "knowingly and intentionally"
2   violated Labor Code Section 226 by failing to provide the Class Members with timely and accurate wage
3   and hour statements. FAC ¶ 48. Again, this does not just constitute a breach of contract, as Defendants
4   argue. Rather, the alleged conduct constitutes criminal conduct punishable by fines of "not more than
5   one thousand dollars ($ 1,000) or [imprisonment] not to exceed one year, or both, at the discretion of
6   the court." Cal. Labor Code § 226.6.[1]

7   Plaintiff's Fifth Cause of Action alleges that Defendants "routinely require the Class Members
8   to repay the Class Members' lawfully earned wages to Defendants for Defendants' alleged business
9   losses." FAC ¶ 17, 59. Requiring employees to indemnify employers for the employer's alleged
10   business losses explicitly contradicts California wage law. See Cal. Labor Code § 2802 ("An employer
11   shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee
12   in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions
13   of the employer....") Such conduct is nothing if not oppressive, fraudulent and malicious so as to justify
14   an award of punitive damages.

15   Should the Court determine that the Fifth Cause of Action is not sufficient to support an award
16   of punitive damages, Plaintiffs can and will allege the following: Defendants operate a check cashing
17   business and employ the Class Members as cashiers. Defendants routinely required Class Members to
18   repay Defendants for cash register shortages and bounced checks. When the amount was greater than
19   $100.00, Defendants forced Class Members to execute promissory notes and repay these "employee
20   debts" over time. Defendants thus "routinely require the Class Members to repay the Class Members'
21   lawfully earned wages to Defendants for Defendants' alleged business losses." FAC ¶ 17; see also FAC

22

23       [1] Defendants note that the prayer does not seek "statutory damages," but "statutory penalties."
24   This is a typographical error. Plaintiffs' counsel intended for the prayer to seek "statutory damages."
25   Plaintiffs' counsel realized the error when he received the demurrer. On December 4, 2006, counsel
26   wrote to Defendants' counsel, asking him to stipulate to the filing of a Second Amended Complaint to
27   correct this error. He later discussed this issue with Defendants' counsel on the telephone. Defendants'
28   counsel refused the request, citing time concerns. Declaration of Steven G. Pearl ¶2.

4

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

THE PEARL LAW FIRM

1    ¶ 59.  These facts rise to the level of oppression, fraud, and/or malice sufficient to warrant imposition

2    of punitive damages.

3        **D.**    **Plaintiffs Can Recover Punitive Damages for Defendants' Alleged Theft of Labor.**

4        Punitive damages are available in any action alleging a "breach of an obligation not arising from

5    contract." Cal. Civ. Code § 3294(a); Ward v. Taggart (1959) 51 Cal.2d 736, 742-743.  Punitive damages

6    are available when a defendant consciously violates existing law. Flyer's Body Shop v. Ticor Title Ins.

7    Co. (1986) 185 Cal.App.3d 1149, 1154 ("Punitive damages are appropriate if the defendant's acts are

8    reprehensible, fraudulent *or in blatant violation of law or policy*.") (emphasis added).

9        The Complaint here alleges violations of California's wage and hour statutes and regulations,

10   which are statutory, rather than contractual, claims.  Defendants' violations of these statutes and

11   regulations is oppressive, reprehensible, fraudulent, and in violation of the Labor Code and the

12   fundamental public policy in favor of prompt and full payment of wages.

13       "When a statute recognizes a cause of action for violation of a right, all forms of relief granted

14   to civil litigants generally, including appropriate punitive damages, are available unless a contrary

15   legislative intent appears." Commodore Home Systems, Inc. v. Superior Court (1982) 32 Cal.3d 211,

16   215 (emphasis added).

17       In this case, the relevant sections of the California Labor Code either expressly state that their

18   remedies are cumulative of other remedies or they are silent on this point.  Either way, there is no

19   evidence of any legislative intent to preclude punitive damages in actions arising out of Labor Code

20   violations.

21       These rules are made clear by Commodore, where the employer defendant argued that because

22   California's Fair Employment and Housing Act (FEHA) does not expressly provide for the recovery of

23   punitive damages, they are unavailable under the FEHA as a matter of law. Commodore Home Systems,

24   supra, 32 Cal.3d at 214.

25       The Supreme Court began its analysis by stating the general rule that "[w]hen a statute recognizes

26   a cause of action for violation of a right, all forms of relief granted to civil litigants generally, including

27   appropriate punitive damages, are available unless a contrary legislative intent appears." Id. at 215. The

28   Court then concluded that nothing in the nature of the FEHA statute or the legislative history showed

THE PEARL LAW FIRM

5

1    an intent to exclude punitive damages in FEHA claims. Id. at 215-221.

2         Thus, the Court followed the general rule that "[a]bsent a convincing statute of contrary

3    legislative intent...in a civil action under the FEHA, all relief generally available in contractual actions,

4    including punitive damages, may be obtained." Id. at 221.

5         In <u>Marshall v. Brown</u> (1983) 141 Cal.App.3d 408, 418, the court stated that "[t]he fact that such

6    a statutory penalty...is imposed for a particular wrongful act does not preclude recovery of punitive

7    damages in a tort action where the necessary malice or oppression is shown."). Rather, when a plaintiff

8    seeks both a statutory penalty and a punitive damage award, the proper procedure is to allow the plaintiff

9    to seek both and, if both are awarded, require an election between the two. <u>Id.</u> at 419 ("Plaintiff may

10   then elect to have judgment entered in an amount which reflects either the statutory trebling, or the

11   compensatory and punitive damages.").

12        Because California courts and its Legislature elevate prompt and complete payment of wages to

13   the level of a fundamental public policy of this State, it makes no sense to think that the Legislature

14   would eliminate the effective deterrent potential of punitive damage exposure to those who deliberately

15   break California's wage and hour laws. Only by allowing the threat of punitive damages will employers

16   have an adequate reason not to break the law.

17        In <u>Bureerong v. Uvawas</u> (1996) 922 F.Supp. 1450, the District Court permitted punitive damages

18   in a wage claim. There, garment workers alleged that they were denied minimum wage and overtime

19   compensation and alleged, <u>inter alia</u>, claims under the California Labor Code. <u>Id.</u> at 1458-1459. The

20   District Court denied the defendants' motion to strike the punitive damage claim based on the allegations

21   in the complaint that the defendants knowingly violated or caused violations of the minimum wage and

22   overtime laws. <u>Id.</u> at 1480-1481 fn 4.

23        <u>Bureerong</u> is on point. Plaintiffs allege that Defendants knowingly violated the Labor Code,

24   including failure to pay overtime compensation and other criminal conduct. Plaintiffs allege that, in

25   committing these acts, Defendants were guilty of oppression, fraud or malice. The Court should deny

26   Defendants' motion to strike Plaintiffs' request for punitive damages.

27   ///.

28   ///

THE PEARL LAW FIRM

6



## II.   CONCLUSION.

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny the motion and order Defendants to answer the complaint without further delay.

DATED: January 12, 2007

The Pearl Law Firm
A Professional Corporation

By:  Steven G. Pearl
Attorneys for Plaintiffs
Sofia Salvador and Jeanette Urdiano,
Individually And on Behalf of All Others Similarly Situated

THE PEARL LAW FIRM

7

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

**DECLARATION OF STEVEN G. PEARL**

**IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

I, Steven G. Pearl, declare:

1.    I am a competent adult and counsel of record for plaintiffs Sofia Salvador and Jeanette Urdiano, individually and on behalf of all others similarly situated, in this matter.  I know all of the following facts of my own personal knowledge and if called as a witness, I could and would testify thereto.

2.    In their motion to strike, Defendants note that the prayer in Plaintiffs' First Amended Class Action Complaint (the "FAC") does not seek "statutory damages," but "statutory penalties." This is a typographical error.  I drafted the FAC and I intended for the prayer to seek "statutory damages." I realized the error when I received the demurrer. On December 4, 2006, I wrote to Defendants' counsel, asking him to stipulate to the filing of a Second Amended Complaint to correct this error.  I later discussed this issue with Defendants' counsel on the telephone. Defendants' counsel refused the request, citing time concerns.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 2ᵗʰ day of January, 2007, at Encino, California.

_____

Steven G. Pearl

THE PEARL LAW FIRM

8

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

## <u>PROOF OF SERVICE</u>

I, Nikki Safavi, declare:

I am a resident of the State of California and over the age of 18 years, and not a party to this action. My business address is 16133 Ventura Boulevard, Suite 625, Encino, California 91436-2412. On January 12, 2007, I served the following document(s):

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

☐  by transmitting the document(s) listed above via facsimile to the person(s) at the fax number(s) listed below on this date before 5:00 p.m.;

**X**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Encino, California, addressed as listed below;

☐  by causing personal delivery of the document(s) listed above to the person(s) at the address(es) listed below;

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) listed below;

☐  by placing the document(s) listed above in a sealed envelope with delivery charges thereon fully prepaid, with Federal Express at Encino, California, addressed as listed below;

Roger B. Coven, Esq.
Holland & Knight LLP
633 W. Fifth Street, 21st Floor
Los Angeles, CA 90071-2400

I am readily familiar with this firm's practice of collecting and processing correspondence for mailing. Under that practice, mail is deposited in the United States Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing set forth above.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 12, 2007, at Encino, California.

Nikki Safavi

**EXHIBIT 11**

**COPY**

1  Alisa M. Chevalier (State Bar No. 166090)
   Jean F. Kuei ((State Bar No. 229752)
2  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
3  Los Angeles, California 90071
   Telephone:    213.457.8000
4  Facsimile:    213,457.8080

5  Attorneys for Defendants
   PLS CHECK CAHSERS OF CALIFORNIA,
6  INC. (previously known as AZTECA OF
   CALIFORNIA) and PLS FINANCIAL
7  SERVICES, INC.

ORIGINAL FILED
LOS ANGELES

JAN 19 2007

SUPERIOR COURT
By: ___VICTOR E. SINO-CRUZ___
                                    DEPUTY

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 FOR THE COUNTY OF LOS ANGELES

11

12  SOFIA SALVADOR and JEANETTE          ) Case No. BC 355555
    URDIANO,                             )
13                                       ) Assigned for All Purposes To:
                 Plaintiffs,             ) The Honorable Aurelio Munoz, Dept. 47
14                                       )
          vs.                            ) **DEFENDANTS' REPLY TO PLAINTIFFS'**
15                                       ) **OPPOSITION TO DEFENDANTS'**
    PLS CHECK CASHERS OF CALIFORNIA,     ) **DEMURRER**
16  INC., PLS FINANCIAL SERVICES, INC.,  )
    AZTECA OF CALIFORNIA, and DOES 1     ) **Hearing:**
17  through 100, inclusive,              )
                                         ) Date:    January 26, 2007
18               Defendants.             ) Time:    8:30 a.m.
                                         ) Place:   Dept. 47
19                                       )
                                         )
20                                       )
                                         )
21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –                                      DOCSOAK-9860781.1-KSMITH 1/19/07 4:04 PM

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

California law is clear.  No tort action for conversion lies for the recovery of wages in connection with a contract or pursuant to statute.  Plaintiffs attempt to convince this Court otherwise is disingenuous and a veiled attempt to seek punitive damages when none are otherwise recoverable.  Plaintiffs' demurrer should be sustained without leave to amend.

**II.    ARGUMENT**

**A.    Plaintiffs' Failure to Seek a Sum Certain is Fatal to Their Conversion Claim**

Plaintiffs state that "it is not necessary that a particular sum be identified" for a conversion action to lie.  (Pls. Opp. To Demurrer 3:21.)  However, Plaintiffs again misconstrue the law.  While it is true that in *Haigler v. Donnelly* (1941) 18 Cal.2d 674, 681, the court does not require that the amount in question be specifically traced, ("it is not necessary that each coin or bill be earmarked"), it is still necessary that a specific *amount* be identified.  *See Shahood v. Cavin* (1957) 154 Cal.App.2d 745, 748 (noting that a *specific* sum, and more particularly a *definite* sum be identified for a conversion action to lie); *see also Pike v. Zadig* (1915) 171 Cal. 273, 275 (stating that a *certain* sum has to be identified.)  As Defendants stated in our Demurrer, Plaintiffs letter dated November 14, 2005 makes no reference to a specific or definite amount allegedly owed to Plaintiffs.  (Def. Demurrer 3:22-24.)  Nor have Plaintiffs specifically alleged in the First Amended Complaint any amounts specifically converted.  Thus, Plaintiffs have failed to state sufficient facts for a conversion action.  Therefore, Defendants demurrer to Plaintiffs sixth cause of action should be sustained.

**B.    A Claim for Conversion Cannot be Based on a Failure to Pay Wages**

Plaintiffs cannot convert their contractual or statutory wage claims into a tort for conversion.  In their First Amended Complaint, Plaintiffs allege that "Defendants wrongfully failed and refused to pay the class Members, including Plaintiffs, wages and other compensation which was due them for overtime work, meal and rest breaks, and as otherwise required" and that "Defendants converted such wages and compensation as part of an intentional and deliberates scheme to maximize profits."  (First Amended Complaint, ¶¶63-66.)  Additionally, Plaintiffs allege in their Opposition to Defendants' Demurrer that "California law specifically recognizes wages as a proper subject of a

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSOAK-9860781.1-KSMITH 1/19/07 4:04 PM

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' DEMURRER

1   conversion action," (Pls. Opp. To Demurrer 2:16) citing *Department of Industrial Relations, Div. of*

2   *Labor Standards Enforcement v. UI Video Stores, Inc. (*hereafter *UIV)* (1997) 55 Cal.App. 4th 1084,

3   1095-1096. Plaintiffs reliance *UIV* is misplaced.

4   The issue in *UIV* was not whether wages could be the basis of a conversion claim. The issue

5   was instead whether the Department of Labor Standards Enforcement ("DLSE") was authorized to

6   collect wages on behalf of wronged employees under Labor code section 96.7. *UIV, supra,* 55

7   Cal.App.4th at p. 1096. In *UIV*, the DLSE filed complaint against Defendant Blockbuster for

8   requiring employees to pay for their own uniforms. *UIV, supra,* 55 Cal.App.4th at p. 1088.

9   Blockbuster settled with the DLSE and issued mailed checks to affected employees. *Id.* Several

10  undeliverable checks were returned to Blockbuster. *Id.* The DLSE sought to have these checks

11  turned over to their unpaid wage fund pursuant to labor code section 96.6 and 96.7. *UIV, supra,* 55

12  Cal.App.4th at p. 1088 and 1092. Blockbuster turned the checks over the DLSE but instructed its

13  bank not to honor the checks. *UIV, supra,* 55 Cal.App.4th at p. 1088. The DLSE alleged that

14  Blockbuster's actions constituted conversion. *UIV, supra,* 55 Cal.App.4th at p. 1095. The Court

15  stated that the DLSE had a right to the checks under Labor Code section 96.7 and therefore, could

16  demand to collection in the stead of the non-located check owners. *UIV, supra,* 55 Cal.App.4th at p.

17  1095-96. The Court did *not* state that wages could be the basis for a claim for conversion.

18  Further, the Labor Code section at issue in *UIV* concerns administrative hearings and is

19  wholly unrelated to the section at issue in the present litigation. Here Plaintiffs claims are for wages

20  under Labor Code sections 201-203 (Plaintiffs' claim for waiting time penalties), 221 (Plaintiffs'

21  claim regarding repayment of wages), 226 (Plaintiffs' claim regarding wage statements), 226.7

22  (Plaintiffs' claim regarding meal and rest periods), 510 (Plaintiffs' claim regarding overtime), 512

23  (Plaintiffs' claim regarding meal and rest periods), and 1194 (Plaintiffs' claim regarding overtime).

24  None of these alleged Labor Code violations are the basis for discussion in *UIV*. The Court's

25  analysis is thus completely inapplicable to this litigation.

26  Additionally, as is the case here, "the action is to be considered as one upon a contract debt

27  and not one for conversion," where the amount of money allegedly converted is not definitely

28  identified. *Baxter v. King* (1927) 81 Cal.App. 192, 194; *Farmers Insurance Exchange v. Zerlin*

DOCSOAK-9860781.1-KSMITH 1/19/07 4:04 PM

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  (1997) 53 Cal. App. 4th 445, 452. As stated earlier, Plaintiffs have not stated a specific or definite

2  amount of money allegedly converted. Thus, for all of the foregoing reasons, Defendants demurrer

3  to Plaintiffs conversion cause of action should be sustained.

4       C.    **Plaintiffs Remedy is Exclusively Statutory**

5      *Rojo v. Kilger* (1990) (hereafter *Rojo*) 52 Cal.3d 65, 79 states that "where a statute creates a

6  right that did not exist at common law and provides a comprehensive and detailed remedial scheme

7  for its enforcement, the statutory remedy is exclusive." While the court in *Rojo* does state that "the

8  *general* rule statutes do not supplant the common law unless it appears that the Legislature intended

9  to cover the entire subject" and that the California's Fair Employment and Housing Act may not as a

10  whole cover the entire subject, the specific provision being litigated here does cover the entire

11  subject concerning overtime penalties. *Rojo*, *supra*, 52 Cal.3d at p. 79. As was cited in

12  Defendants' Demurrer, *Green v. Party City Corp.*, (C.D. Cal. 2002) (hereafter *Green*) 2002 U.S.

13  Dist. LEXIS 7750, clearly states that … "the court found that the statutory remedies provided by the

14  Labor Code precluded a separate claim for conversion." (Def. Demurrer 4:1-2.) The court in *Green*

15  clearly state that "the statutory remedies for unpaid overtime wages bars plaintiff's claim for

16  conversion."*Green*, *supra*, 2002 U.S. Dist. LEXIS 7750 at p.*13. Plaintiffs are thus foreclosed

17  from bringing an action for conversion based on wage claims. Defendants' demurrer should

18  therefore be sustained without leave to amend.

19  **III.   CONCLUSION**

20      For all of the foregoing reasons, Plaintiff cannot sustain the sixth cause of action of the First

21  Amended Complaint and Defendants Demurrer should be sustained without leave to amend.

22

23  DATED: January 19, 2007.

24

25                  REED SMITH LLP

26                  By _____

27                    Alisa M. Chevalier
                  Attorneys for Defendants

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSOAK-9860781.1-KSMITH 1/19/07 4:04 PM

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' DEMURRER**

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is 355 South Grand Avenue, 29th Floor, Los Angeles, CA 90017. On January 19, 2007, I served the following document(s) by the method indicated below:

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' DEMURRER**

☑ by transmitting via facsimile on this date from fax number 213.457.8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 19th day of January, 2007 at Los Angeles, California.

_____
Daisy C. Brito

## SERVICE LIST

1

2   Steven G. Pearl
    The Pearl Law Firm
3   16133 Ventura Boulevard, Suite 625
    Encino, CA  91436-2412
4   Tel:  (818) 995-8300
    *Attorneys for Plaintiffs*
5   *Sofia Salvador and Jeanette Urdiano*
    *Individually and on Behalf of all*
6   *Others Similarly Situated*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**EXHIBIT 12**

**COPY**

1   Alisa M. Chevalier (State Bar No. 166090)
    Jean F. Kuei ((State Bar No. 229752)
2   REED SMITH LLP
    355 South Grand Avenue, Suite 2900
3   Los Angeles, California 90071
    Telephone:    213.457.8000
4   Facsimile:    213.457.8080

**ORIGINAL FILED**
LOS ANGELES

JAN 19 2007

5   Attorneys for Defendants
    PLS CHECK CAHSERS OF CALIFORNIA,
6   INC. (previously known as AZTECA OF
    CALIFORNIA) and PLS FINANCIAL
7   SERVICES, INC.

SUPERIOR COURT
By: _VICTOR E. SINO-CRUZ_
DEPUTY

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF LOS ANGELES

11

12   SOFIA SALVADOR and JEANETTE       ) Case No. BC 355555
     URDIANO,                          )
13                                     ) Assigned for All Purposes To:
                   Plaintiffs,         ) The Honorable Aurelio Munoz, Dept. 47
14                                     )
           vs.                         ) **DEFENDANTS' REPLY TO PLAINTIFFS'**
15                                     ) **OPPOSITION TO DEFENDANTS'**
     PLS CHECK CASHERS OF CALIFORNIA,  ) **MOTION TO STRIKE**
16   INC., PLS FINANCIAL SERVICES, INC.,)
     AZTECA OF CALIFORNIA, and DOES 1  ) **Hearing:**
17   through 100, inclusive,           )
                                       ) Date:    January 26, 2007
18                 Defendants.         ) Time:    8:30 a.m.
                                       ) Place:   Dept. 47
19                                     )
                                       )
20                                     )
                                       )
21                                     )
                                       )
22                                     )

23

24

25

26

27

28

DOCSOAK-9860779.1-KSMITH 1/19/07 4:11 PM

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

I. **ARGUMENT**

A. **Punitive Damages are Unavailable for Labor Code Claims**

Plaintiffs seek punitive damages in five of the seven causes of action alleged in the First Amended Complaint. Four of these causes of action relate to alleged violations of the Labor Code. (*See* First Amended Complaint page 5-9, 10-11 (cause of action one brought under Labor Code sections 510 and 1194, cause of action two brought under Labor Code sections 226.7 and 512, cause of action three brought under Labor Code section 226, cause of action five brought under Labor Code section 221).) The fifth is discussed below, *infra*.

Case law is clear that the four causes of actions arising under the Labor Code do not permit collection of punitive damages. *See Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1152. Further, while Civil Code section 3294(a) provides for punitive damages in general, it does not repudiate the fact that the Labor Code provided remedies remain complete and exclusive remedies for violations of Labor Code overtime penalties. Under the rules of contract interpretation, "[t]he expression of some things in a statute necessarily means the exclusion of others." *Se Anza Santa Cruz Mobile Estate Homeowners Ass'n v. De Anza Santa Cruz Mobile Estate*, (2001) 94 Cal.App.4th 890, 911. The fact that the Labor Code provides for failure to pay the minimum level of wages requires, weighs against finding that punitive damages are available for Labor Code violations. The Legislature clearly could have added provisions for punitive damages for over time violations and other Labor Code violations. They failed to do so. The omission of such a remedy together with the inclusion of other remedies indicates that had the Legislature intended to include punitive damages as an available remedy, they would have done so. Thus, Plaintiffs' requests for punitive damages under these provisions of the Labor Code should be stricken.

B. **Plaintiffs' Prayer for Punitive Damages on Their Conversion Should be Stricken as the Demurrer to Plaintiffs Sixth Cause of Action Should be Sustained**

Defendants' demurrer was filed concurrently with this motion and is sound in its entirety. As no other grounds for punitive damages are available to Plaintiffs, Plaintiffs' prayer for punitive damages in Prayer No. 9 should be stricken.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSOAK-9860779.1-KSMITH 1/19/07 4:11 PM

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

## II.   **CONCLUSION**

Since punitive damages are unavailable to Plaintiffs, all references to punitive damages in paragraph 38 of the First Amended Complaint, paragraph 45 of the First Amended Complaint, paragraph 53 of the First Amended Complaint, paragraph 61 of the First Amended Complaint, paragraph 69 of the First Amended Complaint, and Prayer No. 9 should be stricken.

DATED:  January 19, 2007.

REED SMITH LLP

By _____
Alisa M. Chevalier
Attorneys for Defendants
PLS CHECK CAHSERS OF CALIFORNIA, INC.
(previously known as AZTECA OF CALIFORNIA)
and PLS FINANCIAL SERVICES, INC.

DOCSOAK-9860779.1-KSMITH 1/19/07 4:11 PM

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

**PROOF OF SERVICE**

1

2          I am a resident of the State of California, over the age of eighteen years, and not a
party to the within action. I am employed in the office of a member of the bar of this court at whose
3   direction the service was made. My business address is 355 South Grand Avenue, 29th Floor, Los
Angeles, CA 90017. On January 19, 2007, I served the following document(s) by the method
4   indicated below:

5          **DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO**
**DEFENDANTS' MOTION TO STRIKE**
6

7   ☑   by transmitting via facsimile on this date from fax number 213.457.8080 the document(s)
listed above to the fax number(s) set forth below. The transmission was completed
8        before 5:00 p.m. and was reported complete and without error. The transmission report,
which is attached to this proof of service, was properly issued by the transmitting fax
9        machine. Service by fax was made by agreement of the parties, confirmed in writing.

10  ☑   by placing the document(s) listed above in a sealed envelope with postage thereon fully
prepaid, in the United States mail at Los Angeles, California addressed as set forth below.
11       I am readily familiar with the firm's practice of collection and processing of
correspondence for mailing. Under that practice, it would be deposited with the U.S.
12       Postal Service on that same day with postage thereon fully prepaid in the ordinary course
of business. I am aware that on motion of the party served, service is presumed invalid if
13       the postal cancellation date or postage meter date is more than one day after the date of
deposit for mailing in this Declaration.
14

15  ☐   by placing the document(s) listed above in a sealed envelope(s) and by causing personal
delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed
16       proof of service by the process server or delivery service will be filed shortly.

17  ☐   by placing the document(s) listed above in a sealed envelope(s) and consigning it to an
express mail service for guaranteed delivery on the next business day following the date
18       of consignment to the address(es) set forth below. A copy of the consignment slip is
attached to this proof of service.
19

20             **SEE ATTACHED SERVICE LIST**

21          I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.
22

23          Executed on this 19th day of January, 2007 at Los Angeles, California.

24                                                              _____
25                                                              Daisy C. Brito
26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## SERVICE LIST

Steven G. Pearl
The Pearl Law Firm
16133 Ventura Boulevard, Suite 625
Encino, CA 91436-2412
Tel: (818) 995-8300
*Attorneys for Plaintiffs*
*Sofia Salvador and Jeanette Urdiano*
*Individually and on Behalf of all*
*Others Similarly Situated*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 13**

S 1/29/07

1  STEVEN G. PEARL (CA BAR NO. 163381)
   THE PEARL LAW FIRM
2  A PROFESSIONAL CORPORATION
   16133 VENTURA BOULEVARD, SUITE 625
3  ENCINO, CALIFORNIA  91436-2412
   PHONE:        818/ 995-8300
4  FAX:          818/ 995-8301

5  ATTORNEYS FOR PLAINTIFFS
   SOFIA SALVADOR AND JEANETTE URDIANO,
6  INDIVIDUALLY AND ON BEHALF OF
   ALL OTHERS SIMILARLY SITUATED

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF LOS ANGELES

11                       CENTRAL DISTRICT

12

13

14  SOFIA SALVADOR AND JEANETTE          )  CASE NO.  BC355555
    URDIANO, Individually and on Behalf of )
15  All Others Similarly Situated,        )  HON. AURELIO MUNOZ
                                          )  DEPT. 47
16         Plaintiffs,                    )
                                          )  NOTICE OF RULING ON DEFENDANTS'
17         v.                             )  DEMURRER AND MOTION TO STRIKE
                                          )
18  PLS CHECK CASHERS OF CALIFORNIA,)     Date:   January 26, 2007
    INC., PLS FINANCIAL SERVICES, INC.,  )  Time:  8:30 a.m.
19  AZTECA OF CALIFORNIA, AND DOES 1 )    Dept:  47
    THROUGH 100, INCLUSIVE,              )
20                                        )
           Defendants.                    )
21                                        )
                                          )
22                                        )

23

24

25

26

27

28

THE PEARL LAW FIRM

---

NOTICE OF RULING ON DEFENDANTS' DEMURRER AND MOTION TO STRIKE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that this matter came on regularly for hearing on January 26, 2007, in Department 47 of this Court before the Hon. Aurelio Munoz on defendants' Demurrer to and Motion to Strike portions of Plaintiffs' First Amended Complaint.  Steven G. Pearl, Esq., appeared for Plaintiffs. Alisa Chevalier appeared for Defendants.

The Court having heard the arguments of counsel, and good cause appearing therefor, the Court ruled as follows:

1.      Defendants' Demurrer is OVERRULED.

2.      Defendants' Motion to Strike is DENIED.

The Court ordered Defendants to answer within twenty days.

A true and correct copy of the Court's tentative decision, which the Court adopted as its final decision, is attached as Exhibit A.

DATED: January 26, 2007

The Pearl Law Firm
A Professional Corporation


By:  Steven G. Pearl
Attorneys for Plaintiffs
Sofia Salvador and Jeanette Urdiano,
Individually And on Behalf of All Others Similarly Situated

THE PEARL LAW FIRM

1

**NOTICE OF RULING ON DEFENDANTS' DEMURRER AND MOTION TO STRIKE**

**EXHIBIT A**

LAW & MOTION
DEPT. 47
JANUARY 25, 2007
NO.

BC 355 555
SOFIA SALVADOR ET AL
V.S.
PLS CHECK CASH OF CAL INC ET AL

DEMURRER TO FIRST
AMENDED COMPLAINT
AND MOTION TO STRIKE

The demurrer is overruled with 20 days to answer.   "While it is true that money cannot be the subject of an action for conversion unless a specific sum capable of identification is involved ( *Baxter v. King*, 81 Cal. App. 192 [253 Pac. 172]), it is not necessary that each coin or bill be earmarked. When an agent is required to turn over to his principal a definite sum received by him on his principal's account, the remedy of conversion is proper. ( *Salem Light & Traction Co. v. Anson*, 41 Ore. 562 [67 Pac. 1015, 69 Pac. 675].)"  (*Haigler v. Donnelly* (1941) 18 Cal. 2d 674, 681; See also *Vu v. California Commerce Club* (1997) 58 Cal.App.4th 229, 235.)  Here the sum is capable of being determined.  Therefore the conversion cause of action is proper.   The letter which has been appended to the complaint serves as a proper demand letter.

The motion to strike the punitive damage allegations as to the wage claims is denied.  The only court that seems to have addressed this issue is the Federal District Court in *Bureerong v. Uvawas* (1996) 922 F. Supp. 1450, 1480-1481 which permitted the punitive damage allegations to stand on wage claims.  The wage claim allegations do express violations of the basic public policy of this state; even the poorest of workers is entitled to certain basic rights in employment.  A willful disregard of those rights can amount to fraud, oppression or malice.  The motion to strike is denied.

l&m11

## PROOF OF SERVICE

I, Nikki Safavi, declare:

I am a resident of the State of California and over the age of 18 years, and not a party to this action. My business address is 16133 Ventura Boulevard, Suite 625, Encino, California 91436-2412. On January 29, 2007, I served the following document(s):

### NOTICE OF RULING ON DEFENDANTS' DEMURRER AND MOTION TO STRIKE

☐  by transmitting the document(s) listed above via facsimile to the person(s) at the fax number(s) listed below on this date before 5:00 p.m.;

**X**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Encino, California, addressed as listed below;

☐  by causing personal delivery of the document(s) listed above to the person(s) at the address(es) listed below;

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) listed below;

☐  by placing the document(s) listed above in a sealed envelope with delivery charges thereon fully prepaid, with Federal Express at Encino, California, addressed as listed below;

Jean F. Kuei, Esq.
Alison M. Chevalier, Esq.
Reed Smith LLP
355 South Grand Avenue, 29th Floor
Los Angeles, CA 90071

William S. Ettelson, Esq.
General Counsel
PLS Financial Services, Inc.
300 N. Elizabeth Street, Suite 4E
Chicago, IL 60607

I am readily familiar with this firm's practice of collecting and processing correspondence for mailing. Under that practice, mail is deposited in the United States Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing set forth above.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 29, 2007, at Encino, California.

Nikki Safavi