FILED

1  René L. Barge - State Bar No.182317
   Katherine J. Odenbreit – State Bar No. 184619
2  CLASS ACTION LITIGATION GROUP, APC
   11111 Santa Monica Boulevard, Suite 1000
3  Los Angeles, California 90025-3344
   Telephone:  310-481-9851
4  Facsimile:  310-479-7051
   E-mail: *rbarge@class-action-attorneys.com*
5  E-mail: *kodenbreit@class-action-attorneys.com*

6  Steven G. Pearl – State Bar No. 163381
   THE PEARL LAW FIRM
7  A PROFESSIONAL CORPORATION
   16133 Ventura Boulevard, Suite 625
8  Encino, California 91436-2412
   Telephone:  818-995-8300
9  Facsimile:  818-995-8301
   E-mail: sgpearl@sgpearl.com

10
   Attorneys for Plaintiffs Sofia Salvador,
11 Jeanette Urdiano, Alida X. Calderon,
   and Claudia G. Garcia De Encizo,
12 individually and on behalf of all others similarly situated

13            **UNITED STATES DISTRICT COURT**

14            **CENTRAL DISTRICT OF CALIFORNIA**

15 SOFIA SALVADOR AND                  ) CASE NO.  CV0800882 AHM (CWx)
16 JEANETTE URDIANO, individually      )
   and on behalf of all others similarly ) **FOURTH AMENDED CLASS**
17 situated,                           ) **ACTION COMPLAINT FOR:**
                                       )
18            Plaintiffs,              ) **1.  UNPAID WAGES AND**
                                       )     **UNPAID OVERTIME UNDER**
19       vs.                           ) **THE FAIR LABOR STANDARDS**
                                       ) **ACT (29**
20 PLS CHECK CASHERS OF                )     **U.S.C. §§ 206, 207(a), 216 (b))**
   CALIFORNIA, INC., PLS               )
21 FINANCIAL SERVICES, INC.,           ) **2.  FAILURE TO PAY OVERTIME**
   AZTECA OF CALIFORNIA, and           )     **COMPENSATION (CAL.LABOR**
22 DOES 1 through 100, inclusive,      )     **CODE § 510, 1194);**
                                       )
23            Defendants.              ) **3.  FAILURE TO PROVIDE MEAL**
                                       ) **AND REST PERIODS (CAL.LABOR**
24                                     ) **CODE**
                                       )     **§§ 226,7, 512);**
25                                     )
                                       ) **4.  FAILURE TO FURNISH WAGE**
26                                     ) **AND HOUR STATEMENTS**
                                       ) **(CAL.LABOR**
27                                     )     **CODE § 226);**
                                       )
28                                     ) **5.  WAITING TIME PENALTIES**
                                       )     **(CAL. LABOR CODE §§ 201-203);**

                                       1

─────────────────────────────────────────────
FOURTH AMENDED CLASS ACTION COMPLAINT

| | |
|---|---|
| | **6.    REQUIRING REPAYMENT OF EARNED WAGES (CAL.LABOR CODE § 221);** |
| | **7.    CONVERSION (CAL.CIV.CODE § 3336);** |
| | **8.    ILLEGAL FORFEITURE OF VACATION TIME AND WAGES (CAL. LABOR CODE § 227.3; and** |
| | **9.    UNFAIR COMPETITION (CAL. BUS.& PROF.CODE § 17200, et seq.)** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiffs Sofia Salvador, Jeanette Urdiano, Alida X. Calderon and Claudia G. Garcia De Encizo, individually and on behalf of all others similarly situated, allege:

## CLASS ALLEGATIONS

2.    This action is brought by Plaintiffs Sofia Salvador, Jeanette Urdiano Alida X. Calderon, and Claudia G. Garcia De Encizo, individually and on behalf of all other similarly situated current and former employees of Defendants PLS Check Cashers of California, PLS Financial Services, Inc., Azteca of California, Robert M. Wolfberg, Daniel L. Wolfberg, and Does 3 Through 100, Inclusive (collectively, "Defendants" or "PLS" ) as a nationwide collective action pursuant to 29 U.S.C. §216 (b) for claims under the Fair Labor Standards Act ("FLSA") and a California statewide class action pursuant to Code of Civil Procedure § 382 for claims under California law to recover, among other things: unpaid minimum wages, unpaid overtime compensation, unpaid additional pay for Defendants' failure to provide meal and rest periods to California-based employees, unpaid statutory amounts for Defendants' failure to provide accurate wage statements to California-based

2

1   employees, injunctive relief directing Defendants to provide the required

2   information on wage statements to California-based employees, restitution of

3   unlawfully withheld wages from California-based employees, reasonable attorney's

4   fees, and costs of suit.

5       3.   **CLASS DEFINITION**: Plaintiffs seek to represent two classes of

6   current and former employees of PLS (the Class Members) which are defined as

7   follows:

8           **FLSA Class**:  **All current and former employees who**

9           **worked for Defendants, or any of them, as cashiers or**

10          **similar positions in the United States at any time from**

11          **July 14, 2003, and continuing through class**

12          **certification (the "FLSA Class Period").**

13          **California Class**: **Plaintiffs and all other current and**

14          **former employees who worked for Defendants, or any of**

15          **them, as cashiers or similar positions,  in the State of**

16          **California at any time from July 14, 2002, and continuing**

17          **through class certification (the "California Class Period").**

18          (Collectively hereinafter referred to as "Class Members")

19      4.   As a result of Defendants' company-wide policies, practices,

20  procedures, customs, protocols, routines, or other factors common to members of the

21  FLSA Class and California Class, Plaintiffs and other class members were

22  compelled to, and did, work off-the-clock, before clocking in to begin work, after

23  clocking out, and work performed during mandated meal breaks and rest breaks, to

24  perform various tasks, including but not limited to, preparing cash drawer prior to

25  assisting customers, assisting customers, assisting other employees, balancing cash

26  drawer, and other pre- and post-shift compensatory work tasks.  During the Class

27  Periods, Defendants: (1) failed and refused to pay regular and overtime wages to the

28  Class Members; (2) failed and refused to provide meal and rest breaks to the Class

Members; (3) failed and refused to provide timely and accurate wage and hour

3

---

statements to the Class Members; (4) failed and refused to pay compensation due to the Class Members in a timely manner upon their termination or resignation; (5) converted the Class Members earned wages for their own benefit; (6) forced the unlawful forfeiture of vacation wages and (7) committed unfair business practices in an effort to increase profits and to gain an unfair business advantage at the expense of the Class Members and the public. The foregoing acts and other acts by Defendants violated 29 U.S.C. §§ 206 and 207 (a) and provisions of the California Labor Code, including, but not limited to, sections 201, 202, 203, 216, 221, 226, 226.7, 227.3. 510, and 512 (collectively the Employment Laws), violated the applicable Wage Orders issued by the Industrial Welfare Commission of the State of California, violated California's Unfair Business Practices Act, California Business & Professions Code sections 17200, et seq., and violated the Class Members' rights.

5.     The Class Members are so numerous that joinder of each such individual would be impracticable, and the disposition of their claims in a class action, rather than in numerous individual actions, will benefit the parties, the Court and the interests of justice.

6.     There is a well-defined community of interest in resolving the questions of law and of fact involving and affecting the Class Members in that all of these persons have been victimized by the Defendant's company-wide policies and practices, which resulted in Defendant's failure to pay in full all regular wages that are owed, failure to pay all overtime wages owed, failure to provide mandated meal and rest breaks, failure to pay all vacation wages due, unlawful deductions from wages in violation of the Federal Labor Standards Act, California Labor Code and Industrial Welfare Commission ("IWC"), failure to pay all wages due upon termination of employment and failure to comply with the reporting requirements of Labor Code section 226(a).

7.     The claims of Plaintiffs herein alleged are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief

4

FOURTH AMENDED CLASS ACTION COMPLAINT

which would be sought by each member of the class in a separate action. At all times herein mentioned, Class Members were paid an hourly wage and subject to the same company-wide policies and practices which resulted in Defendant's failure to pay in full all regular wages that are owed, failure to pay all overtime wages owed, failure to provide mandated meal and rest breaks in violation of the California Labor Code and Industrial Welfare Commission ("IWC"), failure to pay vacation wages, subject to unlawful deductions from wages, subject to repayment of defendant's business losses, failure to pay all wages due upon termination of employment and failure to comply with the reporting requirements of Labor Code section 226(a). Defendant's company-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member.

8.      Plaintiffs can and will adequately represent and protect the interests of all Class Members. Plaintiffs'counsel is competent and experienced in litigating class actions in California based on violations of the employment laws and regulations.

9.      The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications, establishing incompatible standards of conduct for the Defendants, and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties.

10.      Common issues predominate in the Class Members' claims in that all claims arise out of Defendant's unlawful failure to pay wages to employees for all hours worked, failure to pay overtime wages to employees for all overtime hours worked, failure to keep proper and adequate records of all hours worked by employees, failure to allow employees to take full, uninterrupted mandated thirty minute meal periods, and failure to pay employees all wages due upon termination of employment. A class action is superior to numerous individual actions as a

5

1   means of adjudicating those claims.

2       11.   The number and identity of Class Members can be ascertained from

3   defendants' records, as can the shifts they were assigned and worked, the positions

4   held, and the rates of pay for each Class Member.

5   **THE PARTIES**

6       12.   Ms. Sofia Salvador is, and at all relevant times was, a competent adult

7   residing in Los Angeles County, California.

8       13.   Ms. Jeanette Urdiano is, and at all relevant times was, a competent

9   adult residing in Los Angeles County, California.

10      14.   Ms. Alida X. Calderon is, and at all relevant times was, a competent

11  adult residing in Los Angeles County, California.

12      15.   Ms. Claudia G. Garcia De Encizo is, and at all relevant times was, a

13  competent adult residing in Los Angeles County, California.

14      16.   Plaintiffs are informed and believe and on that basis allege that

15  defendant PLS Check Cashers of California, Inc. ("PLS of CA") is, and at all

16  relevant times was, a corporation organized under the laws of the State of California,

17  with its corporate headquarters and principal place of business located in Los

18  Angeles County, California.

19      17.   Plaintiffs are informed and believe and on that basis allege that

20  defendant Azteca of California ("Azteca") is, and at all relevant times was, a

21  business entity of unknown form, with its headquarters and principal place of

22  business located in Los Angeles County, California.

23      18.   Plaintiffs are informed and believe and on that basis allege that

24  defendant PLS Financial Services, Inc. ("PLS") is, and at all relevant times was, a

25  corporation organized under the laws of the State of Illinois, with its corporate

26  headquarters and principal place of business located in Cook County, Illinois.

27      19.   Plaintiffs are informed and believe and on that basis allege that

28  defendant Robert M. Wolfberg is, and at all relevant times was, a competent adult

residing in Illinois.

6

FOURTH AMENDED CLASS ACTION COMPLAINT

20.   Plaintiffs are informed and believe and on that basis allege that defendant Daniel L. Wolfberg  is, and at all relevant times was, a competent adult residing in Illinois.

21.   Plaintiffs are informed and believe and on that basis allege that there exists, and at all relevant times there has existed, a unity of interest and ownership between defendants PLS of CA, Azteca, and PLS, on the one hand, and defendants Robert M. Wolfberg and Daniel L. Wolfberg, on the other hand, such that any separateness and individuality between them have ceased, and PLS of CA, Azteca, and PLS are the alter-egos of Robert M. Wolfberg and Daniel L. Wolfberg. Adherence to the fiction of the separate existence of PLS of CA, Azteca, and PLS as an entities distinct from Robert M. Wolfberg and Daniel L. Wolfberg would permit abuse of any corporate privilege, sanction fraud and promote injustice.

22.   Plaintiffs currently are unaware of the true names and capacities of the defendants sued in this action by the fictitious names DOES 3 through 100, inclusive, and therefore sue those defendants by those fictitious names.  Plaintiffs will amend this Complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

23.   Plaintiffs are informed and believe and on that basis allege that each defendant sued in this action, including each defendant sued by the fictitious names DOES 3 through 100, inclusive, is responsible in some manner for the occurrences, controversies and damages alleged below.

## SPECIFIC ALLEGATIONS

24.   During the four years preceding the filing of the original complaint in this action, Defendants employed plaintiffs and the other Class Members as cashiers at approximately 307 financial service locations in the states of Alabama, Arizona, California, Connecticut, Illinois, Indiana, Mississippi, New York, Texas, and Wisconsin.

25.   Defendants routinely pay the Class Members a set rate for each hour worked, without premium compensation for hours worked in excess of eight hours

7

FOURTH AMENDED CLASS ACTION COMPLAINT

per day or 40 hours per week. Additionally, Defendants routinely deny the Class Members meal and rest breaks, and other incidents and conditions of employment required for non-exempt employees pursuant to employment laws and regulations in the ten states in which Defendants conduct business.

26.   Defendants routinely require the Class Members to work more than eight hours per day, and more than 40 hours per workweek. Additionally, Defendants on occasion require the Class Members to work more than six days in seven without paying the requisite premium pay.

27.   Defendants routinely fail to provide the California Class Members with rest breaks during work shifts in excess of six hours, and routinely require the California Class Members to work more than five hours without being given at least an uninterrupted 30-minute non-working meal break. Defendants fail to pay FLSA and California class members wages for any time worked during meal breaks.

28.   Defendants routinely fail to pay accrued wages and other compensation due immediately to California Class Members who are terminated and routinely fail to pay accrued wages and other compensation due within seventy-two hours to California Class Members who end their employment with Defendants.

29.   Defendants routinely require Class Members to repay the Class Members' lawfully earned wages to Defendants for Defendants' alleged normal business losses.

30.   Defendants routinely fail to provide the California Class Members with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing that Class Member, and all applicable hours rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by that Class Member.

31.   Defendants failed to maintain complete and accurate payroll records for each California Class Member, showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity

8

FOURTH AMENDED CLASS ACTION COMPLAINT

1    employing that California Class Member and all applicable hours rates in effect
2    during each pay period and the corresponding number of hours worked at each
3    hourly rate by that California Class Member.

4         32.    Defendants maintained and enforced an illegal, under California law,
5    "use it or lose it" vacation policy which resulted in the annual forfeiture of unused
6    vacation time for each California Class Member, including Plaintiffs.

7         33.    Plaintiffs are informed and believe and on that basis allege that
8    Defendants violated other provisions of the Employment Laws and Regulations
9    which provide for statutory or civil penalties to be assessed and collected by the
10   California Labor and Workforce Development Agency or its various departments,
11   divisions, commissions, boards, agencies or employees.

12        34.    Defendants routinely required and/or caused the California Class
13   Members, including Plaintiffs, to work for longer hours than those fixed, or under
14   conditions of labor prohibited by order of the Industrial Welfare Commission, in
15   violation of those orders.

16        35.    Plaintiffs seek, on their own behalf and on behalf of the Class
17   Members, overtime wages and other compensation owed to them, plus all benefits
18   required pursuant to the employment laws and regulations based on the sums
19   withheld from them by Defendants, plus penalties, attorney's fees and costs as
20   provided by statute.  In addition, Plaintiffs seek injunctive relief in the form of an
21   order prohibiting Defendants from requiring the California Class Members to work
22   more than forty hours in any workweek without payment of overtime wages.
23   Further, Plaintiffs seek an order that Defendants report to the State of California
24   authorities, and thereafter pay the assessments required by law.

25        36.    Plaintiffs also seek restitution and disgorgement of all sums wrongfully
26   obtained by Defendants through unfair business practices in violation of California
27   Business & Professions Code sections 17200, et seq., to prevent the Defendants
28   from benefiting from their violations of law and/or unfair acts.  Such sums recovered
     under the Unfair Competition Act and Unfair Businesses Act are equitable in nature

9

1   and are not to be considered damages.  Plaintiffs also are entitled to costs, attorney's

2   fees, interest and penalties as provided for by the California Labor Code and

3   California Business & Professions Code, and the Private Attorney General Act,

4   California Code of Civil Procedure section 1021.5.

5        37.    To the extent that any Class Member entered into any arbitration

6   agreement with any Defendant and such agreement purports to require arbitration,

7   any such agreement is void and unenforceable.  Any such agreement was one of

8   adhesion, was executed under duress, lacked consideration and mutuality, and failed

9   to provide that Defendants would pay the costs of any arbitration, and was otherwise

10  void under both California Labor Code section 229 and the California Supreme

11  Court case of <u>Armendariz v. Foundation Health Psychare Services, Inc.</u>, 24 Cal.4[th]

12  83 (2000).

13

14                      **FIRST CAUSE OF ACTION**

15  **Unpaid Minimum Wages and Unpaid Overtime Wages Under the FLSA**

16             **29 U.S.C. §§ 206, 207(a)**
     **(Collective Action for Unpaid Wages by All Plaintiffs Against All Defendants)**

17

18        37.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 36

19  inclusive, as though set forth fully herein.

20        38.    Plaintiffs bring this action on behalf of themselves and other members

21  of the proposed FLSA Class as a collective action pursuant to 29 U.S.C. § 216(b),

22  under the FLSA, 29 U.S.C. § 201 et seq.

23        39.    At all relevant times, each Defendant has been, and continues to be, an

24  "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29

25  U.S.C. § 203. At all relevant times, Defendants have employed all members of the

26  proposed FLSA Class as "employees" within the meaning of the FLSA, 29 U.S.C. §

27  203. Plaintiffs are informed and believe, and thereon allege, at all relevant times,

28  each Defendant has had gross operating revenues in excess of $500,000.

         40.    At all relevant times, Plaintiffs and other members of the FLSA Class

                                        10

worked off-the-clock hours which included overtime hours in excess of forty (40) hours in a workweek, and Defendants willfully failed to pay them minimum wages and/or overtime compensation at the legally mandated rate.

41.     At all relevant times, Defendants forced Plaintiffs and other members of the FLSA Class to repay a portion of their lawfully earned wages to Defendants for Defendants' alleged business losses, thereby causing Class Members to be paid less than minimum wage for all hours worked.

42.     At all relevant times, Defendants willfully, regularly and repeatedly failed to make, keep and preserve accurate records required by the FLSA with respect to Plaintiffs and the other FLSA Class Members', including records sufficient to accurately determine the wages and hours of employment pertaining to Plaintiffs and the other FLSA Class Members.

43.     Pursuant to 29 U.S.C. §§ 206, 207(a) and 216(b), Plaintiffs and the other members of the FLSA are entitled to damages in the amount of their respective unpaid wages, including unpaid minimum wages, unpaid overtime compensation, and liquidated damages as provided by the FLSA, attorney's fees and costs of action, injunctive relief requiring Defendants to cease and desist from their violations of the FLSA described herein and to comply with the FLSA, and such other legal and equitable relief as the Court deems just and proper.

44.     Pursuant to 29 U.S.C. § 216(b), to become members of this FLSA collective action, the putative class members of the FLSA Class are required to opt in to this action by filing their consents with the Court.

45.     For purposes of notice and other purposes related to this action, the names, addresses, and phone numbers of the putative members of the FLSA are readily available from Defendants. Timely notice of the pendency of this collective action and the consent to join form can be provided to these putative members by individual mailing of the notice and consent to join form, and by posting of the notice and consent to join form at each and all PLS stores in the United States.

46.     Plaintiffs are informed and believe and thereon allege that there are

11

FOURTH AMENDED CLASS ACTION COMPLAINT

hundreds of putative class members of the FLSA Class who will sign and file consents to join this collective action.

## SECOND CAUSE OF ACTION

**For Failure to Pay Overtime Compensation**
**by Plaintiffs Individually and on Behalf of All Class Members**
**Against All Defendants**
**California Labor Code Sections 510, 1194**

47.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 46, inclusive, as though set forth fully herein.

48.     The applicable Wage Order issued by the Industrial Welfare Commission of the State of California provides that employment beyond eight (8) hours in any workday, 40 hours in any workweek or more than six (6) days in any workweek is permissible only if the employer pays the employee the required overtime compensation.   The Wage Order provides:

> Such employees shall not be employed more than eight (8)
> hours in any workday or more than 40 hours in any
> workweek unless the employee receives one and one-half
> times such employee's regular rate of pay for all hours
> worked over 40 hours in the workweek.

49.     During the Class Period, Defendants routinely required the Class Members, including Plaintiffs, to work more than eight hours per day, and more than 40 hours per workweek.  Additionally, Defendants on occasion require the Class Members to work more than six days in seven.

50.     At all relevant times, Defendants failed and refused to pay the Class Members, including Plaintiffs, the overtime compensation required by the Employment Laws and Regulations.

51.     Defendants thus required the Class Members, including Plaintiffs, to work for longer hours than those fixed, or under conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

52.     As alleged herein, the Class Members, including Plaintiffs, are not

12

FOURTH AMENDED CLASS ACTION COMPLAINT

1  exempt from the overtime compensation requirements of the Employment Laws and

2  Regulations.

3      53.    Plaintiffs, individually and on behalf of Class Members, request

4  recovery of unpaid overtime wages, according to proof, interest, attorney fees, and

5  costs pursuant to Labor Code section 1194, subdivision (a).

6  **THIRD CAUSE OF ACTION**

7  **For Failure to Provide Meal and Rest Periods**
**by Plaintiffs Individually and on Behalf of All California Class Members**

8  **Against All Defendants**
**California Labor Code Sections 226.7, 512**

9      54.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 53,

10 inclusive, as though set forth fully herein.

11     55.    The applicable Wage Order issued by the Industrial Welfare

12 Commission of the State of California provides that "No employer shall employ any

13 person for a work period of more than five (5) hours without a meal period of not

14 less than 30 minutes...." The Wage Order provides further:

15           Every employer shall authorize and permit all employees

16           to take rest periods, which insofar as practicable shall be in

17           the middle of each work period.  The authorized rest

18           period time shall be based on the total hours worked daily

19           at the rate of ten (10) minutes net rest time per four (4)

20           hours or major fraction thereof.

21     56.    During the Class Period, Defendants routinely failed to provide the

22 Class Members, including Plaintiffs, with uninterrupted, non-working meal and rest

23 periods during their work shifts, and failed to compensate the Class Members,

24 including Plaintiffs, for said meal and rest periods, as required by California Labor

25 Code sections 226.7, 512 and the other applicable sections of the Employment Laws

26 and Regulations.

27     57.    As alleged herein, the Class Members, including Plaintiffs, are not

28 exempt from the meal and rest period requirements of the Employment Laws and

13

1  Regulations.

2      58.    Defendants thus required the Class Members, including Plaintiffs, to

3  work under conditions prohibited by order of the Industrial Welfare Commission, in

4  violation of those orders.

5      59.    The extra compensation for missed meal breaks constitutes "wages" for

6  purposes of Labor Code sections 200 - 203.

7      60.    In addition, Section 4 of the applicable Wage Orders governing

8  Records, mandates that "(A) Every employer shall keep accurate information with

9  respect to each employee including the following: ... (3) Time records showing

10 when the employee begins and ends each work period.  Meal periods, split shift

11 intervals and total daily hours worked shall also be recorded."

12     61.    Plaintiffs, as well as other Class Members, were generally not provided

13 time to take a full non-working thirty-minute meal break during their work shifts.

14 Most standard work shifts for Class Members were greater than five hours, yet Class

15 Members were often deprived of meal breaks during shifts longer than five hours.

16 Further, defendants failed to accurately record meal breaks for Class Members.

17     62.    As a result of defendants' failure to comply with the Meal Break

18 regulations set forth in Wage Order 4 (as revised), each Class Member is entitled to

19 compensation for one hour of pay for each work shift longer than five hours during

20 which they were not provided a full thirty minute non-working meal break since

21 October 1, 2000, interest from the time the wages have been

22 paid, and attorney fees, as well as "waiting time" penalties under Labor Code §203

23 for any Class Members no longer employed by Defendants.

24                    **FOURTH CAUSE OF ACTION**
                 **For Failure to Furnish Wage and Hour Statements**
25   **by Plaintiffs Individually and on Behalf of All California Class Members**
                         **Against All Defendants**
26              **California Labor Code Section 226**

27     63.    Plaintiffs incorporate by reference and reallege paragraphs 1 through

28 61, inclusive, as though set forth fully herein.

---

14

---

FOURTH AMENDED CLASS ACTION COMPLAINT

64.    The applicable Wage Order provides:

Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item. Subsection (e) provides: "Any employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and shall be entitled to an award of costs and reasonable attorney's fees."

65.    During the Class Period, Defendants knowingly and intentionally failed to provide the Class Members, including Plaintiffs, with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing that Class Member, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by that Class Member.

66.    As alleged herein, the Class Members, including Plaintiffs, are not exempt from the requirements of the Employment Laws and Regulations.

67.    Defendants thus required the Class Members, including Plaintiffs, to

15

1    work under conditions prohibited by order of the Industrial Welfare Commission, in

2    violation of those orders.

3        68.    The Class Members, including Plaintiffs, suffered injury as a result of

4    Defendants' knowing and intentional failure to provide the Class Members,

5    including Plaintiffs, with the wage and hour statements required by law.

6        69.    Based on Defendants' conduct as alleged herein, Defendants are liable

7    for actual damages, statutory damages and/or statutory penalties pursuant to

8    California Labor Code section 226, attorney's fees and costs and other applicable

9    provisions of the Employment Laws and Regulations.

### FIFTH CAUSE OF ACTION

**For Waiting Time Penalties**
**by Plaintiffs Individually and on Behalf of All California Class Members**
**Against All Defendants**
**California Labor Code Sections 201 through 203**

13       70.    Plaintiffs incorporate by reference and reallege paragraphs 1 through

14   68, inclusive, as though set forth fully herein.

15       71.    Pursuant to California Labor Code § 201 and 202, upon each Class

16   Member's respective termination date, Defendants were required to pay Plaintiffs

17   and each Class Member ail earned wages either immediately or within 72 hours of

18   an employee's notice of quitting employment. At the time each formerly employed

19   Class Member terminated their employment with defendants, each Class Member

20   was owed, but not paid, wages for work performed off-the-clock, overtime wages,

21   premium pay wages for defendants' failure to provide meal breaks, split shift wages

22   and reporting pay wages.

23       72.    Plaintiffs are informed and thereby allege Defendant failed to pay

24   Plaintiffs and formerly employed Class Members all wages due upon terminatio9n

25   of the employment relationship.  Defendants' failure to pay former employee

26   Plaintiffs the respective wages due and owing them was willful, and done with the

27   wrongful and deliberate intention of injuring Plaintiffs, from improper motives

28   amounting to malice, and in conscious disregard of Plaintiffs' rights.

16

FOURTH AMENDED CLASS ACTION COMPLAINT

73.    Defendants' willful failure to pay Plaintiffs and formerly employed Class Members all wages due and owing each of them constitutes violations of Labor Code sections 201 and/or 202, thereby providing that each employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs and formerly employed Class Members are each entitled to penalty wages pursuant to Labor Code section 203.

74.    Pursuant to Labor Code section 218.5, Plaintiffs are also each entitled to an award of reasonable attorney fees, expenses, and costs incurred in this action.

## SIXTH CAUSE OF ACTION
**Requiring Repayment of Wages to Employer
by Plaintiffs Individually and on Behalf of All California Class Members
Against All Defendants
California Labor Code Section 221**

73.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 75, inclusive, as though set forth fully herein.

76.    As alleged above, Defendants forced Plaintiffs to repay a portion of their lawfully earned wages to Defendants for Defendants' alleged business losses, in violation of California Labor Code Section 221.

77.    Labor Code §224 prohibits the employer from seeking reimbursement for losses from an employee unless it is shown the loss is due to the dishonest, willful act or gross negligence of the employee. Any deduction not either authorized by the employee in writing or permitted by law is prohibited. If it is determined the employee is not guilty of dishonest, willful or gross negligence, the employee is entitled to recover not only the amount of the wages withheld, but any waiting time penalties due. The applicable IWC Wage Order(s) § 8 prohibits the employer from making any deduction from the wage of, or require any reimbursement from a non-exempt employee for any cash shortage, breakage, loss of equipment, unless it can be shown that such deduction is caused by dishonest or willful act, or by gross negligence of the employee.

17

78.     Plaintiffs are informed and believe that Defendants, at all times mentioned herein, required Plaintiffs and Class Members to repay cash shortages of any amount and for any reason recorded at the end of the employees' shift and deducted these cash shortages from Cash Shortage Class Members' wages. Regardless of whether or not written authorization was obtained from the Cash Shortage Class Members, these deductions and required repayments constitute unlawful reimbursements from an employee pursuant to Labor Code section 224.

79.     Plaintiffs have been deprived of their lawfully earned wages as a direct and proximate result of Defendants' acts.  Plaintiffs are entitled to recover such amounts, plus interest thereon.

80.     Plaintiffs, individually and on behalf of those similarly situated, request recovery of all cash shortages deducted from their wages and/or required to be repaid to Defendant by any means for the four years preceding the filing of this complaint, plus interest, costs, waiting time penalties pursuant to Labor Code section 204, and reasonable attorney's fees pursuant to Labor Code section 218.5.

## SEVENTH CAUSE OF ACTION

### For Conversion
### by Plaintiffs Individually and on Behalf of All California Class Members
### Against All Defendants
### California Civil Code Section 3336

81.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 80, inclusive, as though set forth fully herein.

82.     During the Class Period, Defendants wrongfully failed and refused to pay the Class Members, including Plaintiffs, wages and other compensation which was due to them for overtime work, for meal and rest breaks, unlawfully deducted from wages and/or required repayment of business losses and as otherwise required pursuant to the Employment Laws and Regulations.

83.     As alleged herein, the Class Members, including Plaintiffs, are not exempt from the requirements of the Employment Laws and Regulations.

84.     At all relevant times herein, Defendants had and continued to have a

18

FOURTH AMENDED CLASS ACTION COMPLAINT

legal obligation imposed by statute to pay to the Class Members, including Plaintiffs, all overtime wages and other compensation due. Such wages and compensation belonged to the Class Members, including Plaintiffs, at the time the labor and services were provided to Defendants, and accordingly such wages and compensation are the property of the Class Members, including Plaintiffs.

85. Defendants converted such wages and compensation as part of an intentional and deliberate scheme to maximize profits at the expense of the Class Members, including Plaintiffs.

86. The Class Members, including Plaintiffs, have been injured by Defendants' intentional conversion of such wages and compensation. The Class Members, including Plaintiffs, are entitled to all monies converted by Defendants, with interest thereon as well as any and all profits, whether direct or indirect, which Defendants acquired by their unlawful conversion.

87. Before they filed this action, Plaintiffs, individually and on behalf of the Class Members, wrote a pre-litigation demand to Defendants. Plaintiffs detailed their claims and the claims of the Class Members, <u>demanded that Defendants "pay the putative class members their unpaid compensation and penalties,"</u> and offered to discuss "a pre-litigation resolution of this matter on a class-wide basis." A true and correct copy of Plaintiffs' correspondence to Defendants dated November 14, 2005, is attached to the original Complaint as Exhibit A and is hereby incorporated by reference. Despite this demand, Defendants refuse to pay Plaintiffs and the Class Members their unpaid compensation and penalties.

88. The conduct alleged above was oppressive, fraudulent, malicious and in conscious disregard of the rights of the Class Members, including Plaintiffs, thus entitling the Class Members, including Plaintiffs, to punitive damages.

//
//
//
//

FOURTH AMENDED CLASS ACTION COMPLAINT

## EIGHTH CAUSE OF ACTION

**For Illegal Forfeiture of Vacation Time and Wages
By All Plaintiffs Individually and on Behalf of All California Class Members
Against All Defendants
California Labor Code Sections 201-203, 227.3**

89.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 88, inclusive, as  though set forth fully herein.

90.     Pursuant to Labor Code section 227.3, it is illegal for an employer to enforce an employment contract that provides for forfeiture of vested vacation time. These illegal vacation policies are commonly known as "use it or lose it" vacation policies. According to Labor Code section 227.3, each employee is entitled to receive payment at the time of their Termination for all vested vacation time that was illegally forfeited during the four years preceding the employee's termination. Further, each employee has four years from the date of their termination to bring a claim for vacation wages.

91.     Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendants maintained and enforced an illegal "use it or lose it" vacation policy which resulted in the annual forfeiture of unused vacation wages for each Class Member, including Plaintiffs.

92.     Defendants' illegal vacation forfeiture policy is set forth in its Employee Handbook, as follows: "Vacation days do not accrue from year to year and may not be cashed in at the end of the year if not used."

93.     Records of forfeited vacation days for each Class Member, including Plaintiffs, are available from Defendants' payroll records, which it is required to maintain for at least five years.

94.     Defendants did not timely pay vacation wages to Plaintiffs and other Class Members at the conclusion of their employment with Defendants, thus entitling these former employees to statutory penalties under Labor Code sections 201-203.

20

---

95.    Defendants' "use it or lose it" vacation policy constitutes a continuing and ongoing unfair and unlawful activity prohibited by Business and Professions Code section 17200 et seq., and justifies the issuance of an injunction prohibiting further illegal forfeiture of vacation time, as well as restitution of wages for previously forfeited vacation days, for all currently employed Class Members. Alternatively, Plaintiffs seek an order compelling Defendants to reinstate all previously forfeited vacation time to currently employed Class Members.

96.    Plaintiffs, individually and on behalf of employees similarly situated, request recovery of vacation wages according to proof, interest, attorney fees, and costs pursuant to Labor Code section 1194, subdivision (a), as well as the assessment of any statutory penalties against the Defendants in a sum as provided by the Labor Code and/or other statutes.

## NINTH CAUSE OF ACTION
### For Unfair Competition
**by Plaintiffs Individually on behalf of All California Class Members and the Public**
**Against All Defendants**
**California Business & Professions Code Section 17200, et seq.**

97.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 96, inclusive, as though set forth fully herein.

98.    Defendants' violations of the Employment Laws and Regulations as alleged herein, including Defendants' misclassification of the Class Members as exempt employees, Defendants' failure and refusal to pay overtime wages to the Class Members, Defendants' failure to provide uninterrupted non-working meal and rest breaks to the Class Members, Defendants' failure to provide the Class Members with timely and accurate wage and hour statements, Defendants' failure to pay compensation due to the Class Members in a timely manner upon their termination or resignation, Defendant's unlawful deduction from employee wages of business losses, Defendant's unlawful requirement of the repayment of business losses from employees, Defendant's failure to pay all vacation wages due and Defendants'

21

FOURTH AMENDED CLASS ACTION COMPLAINT

failure to maintain complete and accurate payroll records for the Class Members, constitute unfair business practices in violation of California Business & Professions Code Section 17200, et seq.

99. As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiffs, the Class Members, and members of the public. Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiffs and the Class Members.

100. Defendants' unfair business practices entitle Plaintiffs to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge and restore to the Class Members the overtime compensation and other compensation unlawfully withheld from them.

WHEREFORE, plaintiffs Sofia Salvador, Jeanette Urdiano, Alida X Calderon, and Claudia G. Garcia De Encizo individually and on behalf of all others similarly situated, hereby pray that the Court enter judgment in their favor and against PLS Check Cashers of California, PLS Financial Services, Inc., Azteca of California, Robert M. Wolfberg, Daniel L. Wolfberg, and Does 3 Through 100, Inclusive as follows:

## FIRST CAUSE OF ACTION

1. For compensatory damages in an amount according to the proof representing the amount of unpaid compensation owed thereto;

2. For interest on any compensation due from the day such amounts were due;

3. For reasonable attorney's fees and costs pursuant to 29 U.S.C. 216(b);

4. For liquidated damages and penalties.

## SECOND CAUSE OF ACTION

1. For compensatory damages in an amount according to the proof representing the amount of unpaid compensation owed thereto;

22

2.    For interest on any compensation due from the day such amounts were due;

3.    For reasonable attorney's fees and costs pursuant to Labor Code section 1194, subdivision (a) and the Attorney General's Act (Code of Civ. Proc. sec. 1021.5);

4.    For liquidated damages and penalties.

### THIRD CAUSE OF ACTION

1.   For compensatory and/or penalty damages in an amount according to the proof representing the amount of unpaid meal period compensation owed thereto;

2.    For interest on any compensation due from the day such amounts were due;

3.    For reasonable attorney's fees and costs pursuant to Labor Code section 1194, subdivision (a) and Code of Civ. Proc. sec. 1021.5;

4.    For interest, and

5.    For penalties under Labor Code section 203.

### FOURTH CAUSE OF ACTION

1.    For a preliminary and permanent injunction requiring the Defendant to record properly the time worked by all Class Members for all hours worked as set forth in Labor Code section 226(a).

2.    For an order requiring Defendant to show cause why it should not be enjoined as set forth herein, during the pendency of this action;

3.    For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendant from failing to record properly the time worked by all Class Members for all hours worked as set forth in Labor Code section 226(a). ; and

4.    For Labor Code section 226(e) penalties and damages according to proof,

23

FOURTH AMENDED CLASS ACTION COMPLAINT

5.    For Interest,

6.    For attorney's fees, and costs pursuant to Labor Code section 218.5 and/or Labor Code section 1194, as well as reasonable attorney's fees and costs pursuant to Code of Civ. Proc. sec. 1021.5.

## FIFTH CAUSE OF ACTION

1.    For 30-day waiting time penalties pursuant to Labor Code section 203 for each formerly-employed Class Member, and interest thereon

2.    For reasonable attorney's fees and costs pursuant to the Attorney General's Act (Code of Civ. Proc. sec. 1021.5);

## SIXTH CAUSE OF ACTION

1.    For reimbursement of all cash shortages unlawfully deducted and collected by Defendants;

2.    For pre-judgment interest;

3.    For reasonable attorneys' fees and costs pursuant to Labor Code §218.5 and the Attorney General's Act (Code of Civ. Proc. sec. 1021.5);

4.    For liquidated damages and penalties.

## SEVENTH CAUSE OF ACTION

1.    For all general damages, according to proof.

2.    For all special damages, according to proof.

3.    For punitive damages, according to proof..

4.    Attorneys' fees and costs pursuant to Civil Code section 3336.

## EIGHTH CAUSE OF ACTION

1.    For compensatory damages in an amount according to the proof representing the amount of unpaid compensation owed thereto;

2.    For interest on any compensation due from the day such amounts were due;

24

3.   For reasonable attorney's fees and costs pursuant to Labor Code section 1194, subdivision (a) and the Attorney General's Act (Code of Civ. Proc. sec. 1021.5);

4.   For liquidated damages and penalties.

### NINTH CAUSE OF ACTION

1.   For an order requiring Defendant to show cause why it should not be enjoined as set forth below, during and after the pendency of this action;

2.   That each Defendant, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiffs and each Class Member for its past failure to pay wages and overtime wages, premium pay, and illegal parking fee deductions, over the last four years, including withholding taxes, matching funds, social security, Medicare, unemployment and workers' compensation premiums in an amount according to the proof;

3.   For payment of interest, attorneys' fees, and costs as provided for by Business and Professions Code section 17082, and the Attorney General's Act (Code of Civ. Proc. sec. 1021.5).

### FOR ALL CAUSES OF ACTION

1.   For reasonable attorneys' fees;

2.   For costs of suit incurred herein; and

3.   For such other and further relief as the court may deem just and appropriate.

DATED: July 10, 2008

CLASS ACTION LITIGATION GROUP, APC
THE PEARL LAW FIRM, A PROFESSIONAL
CORPORATION

By:  Katherine J. Odenbreit
Attorneys For Plaintiffs Sofia Salvador, Jeanette
Urdiano, Alida X. Calderon and Claudia G. Garcia
De Encizo Individually And on Behalf of All Others
Similarly Situated

25

FOURTH AMENDED CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiffs on behalf of themselves and all others on whose behalf this suit is brought, demand trial by jury to the fullest extent permitted in this action.

DATED: July 10, 2008

CLASS ACTION LITIGATION GROUP, APC
THE PEARL LAW FIRM,
A PROFESSIONAL CORPORATION

By: Katherine J. Odenbreit
Attorneys For Plaintiffs Sofia Salvador, Jeanette
Urdiano, Alida X. Calderon and Claudia G. Garcia
De Encizo Individually And on Behalf of All Others
Similarly Situated

26

FOURTH AMENDED CLASS ACTION COMPLAINT