| | |
|---|---|
| 1 | Steven G. Pearl (SBN 163381) |
| | The Pearl Law Firm |
| 2 | A Professional Corporation |
| | 16133 Ventura Blvd., Suite 625 |
| 3 | Encino, CA 91436-2412 |
| | Tel: (818) 995-8300 |
| 4 | Fax: (818) 995-8301 |
| 5 | René L. Barge (SBN 182317) |
| | Katherine J. Odenbreit (SBN 184619) |
| 6 | Class Action Litigation Group, APC |
| | 11111 Santa Monica Blvd., Suite 1000 |
| 7 | Los Angeles, California 90025 |
| | Tel:  (310) 481-9851 |
| 8 | Fax:  (310) 481-9854 |

**NOTE CHANGES MADE BY THE COURT.**

9  Attorneys for Plaintiffs SOFIA SALVADOR, JEANETTE URDIANO, CLAUDIA G.
10 GARCIA DE ENCIZO, and ALIDA X. CALDERON, individually and on behalf of
   all employees similarly situated

11 Alisa Chevalier (SBN 166090)
   Princeton Kim (SBN 217629)
12 Jean F. Kuei (SBN 229752)
   Reed Smith LLP
13 355 South Grand Avenue, Suite 2900
   Los Angeles, CA 90071
14 Tel: (213) 457-8000
   Fax: (213) 457-8080

15
16 Attorneys for Defendants PLS CHECK CASHERS OF CALIFORNIA, INC., PLS
   FINANCIAL SERVICES, INC., and AZTECA OF CALIFORNIA.

17              **UNITED STATES DISTRICT COURT**
18              **CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 19 | SOFIA SALVADOR, JEANETTE URDIANO, CLAUDIA G. GARCIA DE ENCIZO and ALIDA X. CALDERON, individually and on behalf of all employees similarly situated, | CASE NO. 08CV00882 AHM (CW) |
| 20 | | **CLASS ACTION** |
| 21 | | **JOINT STIPULATED PROTECTIVE ORDER REGARDING DOCUMENTS AND INFORMATION PRODUCED IN RELATION TO DEFENDANTS' MOTION TO DISMISS** |
| 22 | Plaintiff, | |
| 23 | vs. | |
| 24 | | |
| 25 | PLS CHECK CASHERS OF CALIFORNIA, INC., PLS FINANCIAL SERVICES, INC., AZTECA OF CALIFORNIA, and DOES 1 to 100, INCLUSIVE, | |
| 26 | | |
| 27 | Defendants. | |
| 28 | | |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Pursuant to the approval of the Court, this Protective Order shall govern the production and disclosure of certain confidential documents and information produced by Defendants in the instant litigation, as set forth herein. Plaintiffs and Defendants, by and through their counsel of record, hereby agree as follows:

## SCOPE OF PROTECTIVE ORDER:

IT IS HEREBY STIPULATED that certain documents, testimony and other information produced by Defendants in relation to the above-entitled action shall be kept confidential and are subject to this Protective Order.

## DEFINITIONS:

1. As used herein, the term "Confidential Information" refers to and means, collectively, any and all documents, testimony or other tangible items ~~including, but not limited to, materials~~ containing information evidencing Defendants' past, present or future financial condition, corporate ownership, assets, and other similar ~~records,~~ information, insofar as such material ~~that contain information that~~ is confidential and/or proprietary and is not publically known or available, produced by Defendants in relation to the above-entitled action.

2. As used herein, the term "Authorized Person(s)" refers to and means:

   (a) Counsel for the respective parties to this litigation, including in-house counsel, outside counsel and co-counsel for this litigation;

   (b) Employees of such counsel;

   (c) Outside experts and consultants.

## TERMS AND CONDITIONS:

3. All Authorized Persons shall be bound by this Protective Order.

4. Except with the prior written consent of all parties, or upon prior order of this Court obtained upon notice to all parties, Confidential Information shall not be given, shown, made available or otherwise communicated in any way to any person other than Authorized Persons, as defined in paragraph 2. All Authorized Persons

1 shall be bound by this Protective Order not to communicate further any such Confidential Information to any person or entity, unless required by law, who is not subject to this Protective Order.

4      5.   <u>Designation of Confidential Information:</u> All information intended to be "confidential" under this agreement will be marked as such. For documents, the front of the document will be clearly marked "Confidential" by Defendants. For information provided in depositions, Defendant will identify that the deposition transcript contains Confidential Information and the Court Reporter will be instructed to place on the cover of the deposition transcript: "This Document Contains Confidential Information Subject to a Protective Order." Defendant will then have 30 days from the receipt of the final deposition transcript to clearly mark each page containing Confidential Information "Confidential" and provide copies of those pages to Plaintiffs.

14     6.   Confidential Information is being produced to Plaintiffs solely for purposes of the above-entitled action and shall not be used by any Authorized Person in relation to any other matter, including any litigation or claim before any court and/or administrative body. At the conclusion of the above-entitled matter, the receiving party or parties expressly agree to either promptly destroy all Confidential Information, copies, summaries, compilations or similar materials, or promptly return all Confidential Information, copies, summaries, compilations or similar materials to the producing party. If the receiving party or parties choose to destroy all such Confidential Information and related materials, a written acknowledgement of the destruction of all such materials shall be provided to the producing party no later than 30 days after the dismissal or final disposition of the above-entitled matter. If the receiving party or parties choose to return all such Confidential Information and related materials to the producing party, then receipt by the producing party of such materials shall be completed no later than 30 days after the dismissal or final disposition of the above-entitled matter.

7. Disclosure of Confidential Information may be made to outside experts and consultants only as is reasonably necessary for purposes relating to the above-entitled action, and only after the person to whom disclosure is intended to be made has been provided with a copy of this Protective Order and has agreed in writing to be bound by it. Any person to whom the parties give access to Confidential Information pursuant to 2 shall first be given a copy of this Order and shall agree in writing to be bound by its terms, by signing a copy of the Confidentiality Agreement attached hereto as Exhibit "A". The law firm obtaining the person's signature on the Confidentiality Agreement will retain the original signed agreement.

8. To the extent that a party intends to rely upon, reference or submit the Confidential Information, in whole or in part, to the Court for any purpose, the parties shall meet and confer in good faith before such materials are filed and hereby agree to apply jointly to the Court to file such documents, materials, transcripts, testimony or information under seal in compliance with the applicable Federal Rules of Evidence and Local Rules of the Central District of California. The Parties agree to put forth their best efforts to resolve any issues surrounding the matter of filing Confidential Information prior to the deadline for any motions. The Parties agree that in no way shall this process delay the filing of a motion or any other pleading by any party. Failing to meet and confer, or refusing to participate in good faith in making the joint application to file any Confidential Information under seal with the Court shall constitute a breach of this Protective Order and subject the offending party to the provisions of paragraph 11 below. To the extent the parties disagree as to whether any document or item should be filed under seal, the joint application shall identify the contested documents and each party's contentions relating to whether the items should be filed under seal.

9. Plaintiffs reserve the right to challenge as beyond the scope of this Agreement any "Confidential" designation for documents or testimony not falling within the definition in paragraph 1. Such challenge will first be presented in writing

1  to Defendant's counsel within 30 days of receipt of such designation. If the Parties
2  are unable to resolve the issue, this Agreement expressly reserves the right for the
3  Magistrate Judge and/or District Court Judge to make a final determination of whether
4  or not the document, information or testimony falls within ~~this Agreement.~~ *the scope of a proper*
5  *protective order under Rule 26 of the Federal Rules of Civil Procedure. Designating party bears the burden of establishing protection is warranted.*

### DURATION, ENFORCEMENT, MODIFICATION AND TERMINATION:

7   10. The entry of this Protective Order shall be without prejudice to the rights of the parties to assert or apply for additional or different protection at their discretion.

9   11. Any violation of this Protective Order may constitute a contempt of Court, and be punishable as such, and may subject the offending party or non-party to such additional and further remedies as may be available to the aggrieved party or non-party, including but not limited to monetary sanctions where available.

13  12. This Protective Order shall continue to remain in effect even after the conclusion, settlement, judgment, appeal or dismissal of this action.

15  13. This Court retains and shall have jurisdiction over the parties, their attorneys and all Authorized Persons for the enforcement of the provisions of this Protective Order following conclusion and dismissal of the above-entitled action, and/or to terminate all or some of the provisions of this agreement on application by any party.

20  14. This Protective Order shall be binding upon the parties to the above-entitled action, the attorneys for each party, any Authorized Person, and any successor, administrator, legal representative, assignee, subsidiary, division, employee, agent, independent contractor, or other person or legal entity over which any attorney or Authorized Person covered by this Protective Order may have control.

IT IS SO STIPULATED.

DATED: July 9, 2008  
_____/s/_____  
Steven G. Pearl  
The Pearl Law Firm  
16133 Ventura Blvd., Suite 625  
Encino, California 91436-2412  
(818) 995-8300  
sgpearl@sgpearl.com

DATED: July 9, 2008  
_____/s/_____  
Alisa M. Chevalier  
REED SMITH LLP-  
355 South Grand Avenue, Suite 2900  
Los Angeles, CA 90071  
(213) 457-8000  
achevalier@reedsmith.com

IT IS SO ORDERED:

DATED: 10/6/08   *Carla M. Woehrle*  
United States District Court

**U.S. MAGISTRATE JUDGE**